# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT,

## APRIL TERM, 1870.

No. 2,259.

MARIA ANTONIA CORONEL de GODEY, Respondent, v. ALEXIS GODEY, JOHN JONES et als., Appellants.

39  157
98  38
39  157
116  505
39  157
112  397
39  157
116  344

DECREE OF DIVORCE. — RES ADJUDICATA. — If, in an action for a divorce, the decree awarding it does not determine any disposition of the community property, and no such question be presented for decision ·by the pleadings, it will not conclude the parties, or either of them, in respect of their claims to such property.

IDEM. — JURISDICTION. — Any other Court, than the one rendering the decree of divorce, if otherwise competent, has the jurisdiction to determine the disposition of the community property, under the provisions of the statute.

IDEM. — If a decree for a divorce, simply, be for the cause of adultery, it does not .follow that the guilty party would be deprived of his or her interest in the community property.

EVASIVE PLEADING. — One of the allegations of the complaint was that "the defendant fraudulently transported plaintiff into Kern County, for the purpose of having her served with a copy of the summons and complaint." The answer to which was as follows : "Defendant denies, and it is not true, that he fraudulently transported plaintiff into Kern County for the purpose of having her served with a copy of the complaint and summons in said aforesaid action. Held, to be a palpable evasion of. the substance of the charge which it pretended to answer.

PRACTICE. — INJUNCTION. — A temporary injunction should not be dissolved on the coming in of the answer, which does not present a full or fair denial of the equities disclosed in the complaint, or which does not deny the principal matters on which the complaint proceeds, at all.

IDEM. — The general rule, that when an answer fully denies the equities of the complaint the injunction should be dissolved, is not one of universal application ; nor does it follow, as a necessary legal conclusion, that the injunction be dissolved on the coming in of such an answer.

IDEM.—When the Court below has seen proper to continue an injunction in force until the hearing of the case, its determination, in so far as it rests upon the effect of the denial of the equities of the complaint merely, is entitled to just consideration here, and this Court ought not to disturb it, except, perhaps, under peculiar circumstances, or unless an abuse of descretion be made to appear.

*Per* RHODES J., dissenting:

PRACTICE.—INJUNCTION.—When an injunction has been obtained upon the allegation that the property, the disposition of which is enjoined, is the common property of the plaintiff and defendant, on the coming in of the answer, denying that there is any common property, the injunction should be dissolved, unless the plaintiff shows by affidavits, or other competent testimony, that the denials of the answer, in that particular, are untrue.

IDEM.—An injunction should not be granted to restrain the defendant from collecting debts that are due, when no provision is made, by the appointment of a receiver, or otherwise, for their collection.

APPEAL from the District Court of the Seventeenth District, Los Angeles County.

The case is stated in the opinion.

*Moore & Laine* and *Freeman & Colby,* for Appellants.

The Court erred in refusing to dissolve the injunction, because it appeared on the face of complainant's bill that the Seventeenth District Court had no jurisdiction in the premises. It appeared upon the face of the bill that the parties had already been divorced by the decree of the Sixteenth District Court in and for Kern County, which decree was and is still standing, of binding force and not appealed from. It is a rule well settled that when a party has no other right than one derived from the statute, he is confined to the statutory remedy; or, where a statute confers a right and prescribes a remedy, the statutory remedy must be followed exclusively. (2 Cal. 243; *Almy* v. *Harris,* 5 John. 175; *McKeon* v. *Caherty,* 3 Wend. 494; *Stafford* v. *Ingersol,* 3 Hill, 38; *Renwick* v. *Morris,* 7 Hill, 575; *Pennington* v. *Townsend,* 7 Wend. 276; *Dudly* v. *Mayhew,* 3 Comstock, 9; *Smith* v. *Lockwood,* 13 Barb. 209.)

Our Divorce Statute provides that *the Court* (meaning the one where action for divorce is instituted), *during the pendency of the action,* or *afterwards,* may make an order for the support of the wife, etc.; hence, under the above rules, no other Court has that power. (See Hittell, Vol. I. paragraph 2419.)

Again, our statute, concerning husband and wife, provides :

"In case of the dissolution of the marriage by decree of any Court of competent jurisdiction, the common property shall be equally divided between the parties, and *the Court granting the decree shall* make such order for the division of the common property, etc.   *   *   *   When such decree of divorce is rendered on the ground of adultery, or extreme cruelty, the party found guilty thereof, shall only be entitled to such portion of the common property as *the Court granting the decree* may, in its discretion, etc.   *   *   *   *Such allowance shall be subject to revision and appeal* in all respects, *including* the exercise of discretion by the Court below."

This Court has upheld the doctrine we contend for in the case of *Bennett* v. *Southard* (35 Cal. 688.)

The Court erred in overruling the motion to dissolve the injunction, because the bill stated no cause warranting the granting or continuing of an injunction. We submit that, even if all the allegations of plaintiff's bill be taken as true, still the Court would not be warranted in granting an injunction for the reason that a decree in divorce cannot be set aside even for fraud; it is, in its very nature, incapable of being vacated or set aside; a direct appeal might review a decree of this kind, but that is doubtful. (2 Bishop on Marriage and Divorce, Sections 230 to 234; *Green* v. *Green*, 2 Grey, Mass. R. 361; *Lucas* v. *Lucas*, 3 Grey, *Id.* 136; *Parish* v. *Parish*, 9 Ohio State Rep. 534; 20 Iowa, 225; *Ewing* v. *Ewing*, 24 Ind. 468.)

The Court erred in not dissolving the injunction, as the answers of the defendants fully denied all pretended equities of the plaintiff's bill, and when this is the case the rule is to dissolve the injunction. (See *Gardner* v. *Jenkins*, 9 Cal. 553, and *Real del Monte Mining Co.* v. *Pond*, 23 Cal. 82, and authorities there cited.)

   *V. E. Howard & Sepulvida* and *Glassell, Chapman & Smith*, for Respondent.

This action is based upon the right of the plaintiff to preserve her own property—property already vested in her—and to the entire control of which she has become entitled by virtue of the dissolution of the marital obligations.

Her action to preserve her own property is readily distinguishable from an application for alimony, which is a provision for her *to be* carved out of the husband's property.

The latter, we might admit, is purely the creature of the Court decreeing the divorce ; but it is obvious that the right of the wife to her portion of the common property is derived from no such source.

We will proceed to consider the objections urged by the appellants.

*First*—The rule that when a statute gives a right and confers a remedy the statutory remedy only can be resorted to, has no application to this case, because the statute does *not* give the right to alimony, or a division of the common property. (*People* v. *Craycroft*, 2 Cal. 243.)

"Where a statute merely gives a new remedy, without any negative, express or implied, the old remedy is not taken away, and the party may have his election between the two." (*Stafford* v. *Ingersoll*, 3 Hill, 41 ; 10 Johns. 391 ; *Almy* v. *Harris*, 5 Johns. 175 ; 13 Johns. 322.)

*Second*—The right of the wife in the community property was not created by statute, but adopted on the 17th of April, 1850, from the customary and civil law already in force. (Act, page 254.)

The right of the wife to one half of the community property is absolute on the dissolution of the marriage, whether by death or decree of Court. It stands on the same ground as her right to her separate property, and it cannot be pretended that a wife, on a decree of divorce, would not, at common law, have been entitled to her action for her separate property in his possession. It stands on grounds independent of alimony. (*Galland* v. *Galland*, 36 Cal.)

*Third*—It does not appear, from the decree in this case, on what ground the divorce was granted. The decree could not operate as *res judicata* as to the common property unless the Court, in granting the divorce, passed upon the question. (General Laws, Sec. 3574.) To be a bar, the question of the common property must have been in issue and decided. (1 Greenleaf's Ev. Secs. 528, 529 and 532 ; *Earl* v. *Bull*, 15 Cal. 425 ; *Minor* v. *Walter*, 17 Mass. 237.)

*Fourth*—The answer, in admitting that the stock, or a portion of it, is the increase, or purchased with the increase of the separate property, admits that it is common property. (Hittell's General Laws, Sec. 3571; 18 Cal. 654.)

The answer is not sufficient to overcome the presumption of common property. (*Meyer* v. *Kinzer*, 12 Cal. 247.)

The wife's interest becomes absolute on dissolution of marriage, and the action should be sustained as one of partition, as well as alimony and maintenance. (*Beard* v. *Knox*, 5 Cal. 252; *Lewis* v. *Lewis*, 18 Cal. 654.)

The answer denies the threats to dispose of the property, but does not negative such an intention. The plaintiff was clearly entitled to an injunction to restrain the alienation until partition and the settlement of the question of alimony. A Court of equity only can make partition of personal property. (*Cropster* v. *Griffith*, 2 Black. 5.)

The granting and continuing injunctions is very much matter of discretion, and it does not appear that the discretion has been abused in this case. (*Hicks* v. *Michael*, 15 Cal. 107.)

WALLACE, J., delivered the opinion of the Court:

The appeal in this case is taken from an order denying a motion to dissolve an injunction, which had been granted upon a verified complaint. An answer having been subsequently filed, the motion to dissolve was made upon the pleadings.

The parties were formerly husband and wife; but in May, 1869, a decree was rendered, upon the application of the appellant, by which they were divorced from the bonds of matrimony. In his complaint in the action for the divorce the appellant did not state that there was any property whatever belonging to the community, nor ask for any judgment or determination concerning it. The decree was rendered without the appearance of the respondent, and it was entirely silent as to the distribution to be made of the common property. It was obtained in the Sixteenth Judicial

CAL. REP. XXXIX.—21.

District for the County of Kern. The present action was brought by the respondent in the Seventeenth Judicial District for the County of Los Angeles, to recover her share of the community property, of which, it is now alleged, there was a considerable amount; and the injunction was granted to prevent the appellant from disposing of the property pending the cause.

It is urged on behalf of the appellant that the Court below, in entertaining the action, interfered with the jurisdiction of the Court in Kern County, which is co-ordinate with its own, and the cases of *Rickett* v. *Johnson* (8 Cal. 34); *Chipman* v. *Hibbard* (*Id.* 268); *Gorham* v. *Toomey* (9 Cal. 77), and *Uhlfelder* v. *Levy* (*Id.* 607), are cited. We do not think so. The object of the suit here is the division of the community property; that of the suit in Kern was the dissolution of the marriage tie. So far from there being any conflict between the respective proceedings of these Courts, the action instituted in the Court below rests for its foundation, to a great extent, upon the decree of divorce itself, and, though not brought directly upon that decree in the sense of an action brought upon a judgment, it seeks a division of the common property as a mere consequence of the rendition of that decree. The decree of divorce furnishes, too, a sufficient answer to the objection made—that the respondent has no capacity to sue the appellant touching the property in question.

Her almost total disability to interfere, by action or otherwise, in the control of the community property during the existence of the marriage arose from the provisions of the statute (Stats. 1853, p. 165), by which her "husband" was vested with its exclusive management. The decree here, however, deprived her of her husband, and, of course, remitted her as being discovert to the use and present control of any property to which she might be entitled.

Nor is there any doubt that as a consequence of that decree she is entitled to a share of the property, if any, acquired by the late matrimonial community of which she was a constituent. The statute has provided (Statutes 1857, p. 199,) that if the marriage be dissolved by decree, she

shall be entitled to one half of the community property, and it directs the Court rendering the decree of divorce, except under special circumstances, to divide the property on that basis. And here it is claimed that because of this provision contained in the statute, it results that no Court, other than that in which the decree of divorce is rendered, is competent to decree a division of property between the parties. We think, however, that this construction of the statute cannot be supported. Undoubtedly the Court granting the divorce, if the question be made before it, may divide the property between the parties by its decree ; and such a decree would be conclusive of that matter, as well as of all others which it determined. If the pleadings presented the question of the rights of the parties to the common property for decision, and the decree as entered should wholly omit any directions in respect thereto, a question of some difficulty might arise as to the effect of such proceedings. But in the case at bar this question was never, in any respect, *sub judice;* it was not determined by the decree, neither was it presented for decision, and we have no difficulty in holding that such a decree, being of divorce simply, does not conclude the parties, or either of them, in respect of their claims otherwise existing to the community property.

It is further claimed, however, that though the decree granting the divorce does not in terms deprive the respondent of a share in the common property, yet, as it was rendered against her on the ground of adultery committed by her, it must be considered as importing her exclusion from all benefit of that property. To this proposition several sufficient answers readily suggest themselves. It does not appear that the divorce was granted for the cause of adultery. If it did so appear, however, the consequence sought to be adduced would not follow. Even if the decree had directly fixed upon the respondent the guilt of adultery, the statute would not on that account forfeit the whole or any part of her share in the common property to which she would have been otherwise entitled. It merely permits the Court in its discretion, under such circumstances, to visit that consequence upon her by its judgment. But here no such judg-

ment was rendered, and, of course, no such forfeiture can be presumed against her in its absence.

Under the provisions of the statute, property which is acquired during the marriage, unless acquired by gift, bequest, devise, or descent, is common property. It belongs to the matrimonial community, and not less to the wife than to the husband. It is true that the interest of the wife therein pending the marriage has been termed "a mere expectancy" (*Van Maren* v. *Johnson,* 15 Cal. 311); but while, perhaps, no other technical designation would so nearly define its character, it is, at the same time, an interest so vested in her, as that husband cannot deprive her of it by his will (*Beard* v. *Knox,* 5 Cal. 256), nor voluntarily alienate it for the mere purpose of divesting her of her claims to it. (*Smith* v. *Smith,* 12 Cal. 226.) The theory upon which the right of the wife is founded (as we said in *Galland* v. *Galland* 38 Cal. 265), is, that the common property was acquired by the joint efforts of the husband and wife, and should be divided between them if the marriage tie is dissolved either by the death of the husband or by the decree of the Court, etc. Her mere right in the community property is as well defined and ascertained in contemplation of law, even during the marriage, as is that of the husband. It is true that the law confers upon the latter the authority to manage and control it during the existence of the marriage, and the power to sell it for the benefit of the community, but not, as we have seen, so as to defraud the community of it. In the case at bar, then, the right of the respondent to a share of the property in question, if it be proven to be community property, is clear. It accrued to her, as having been acquired in part by her own efforts, before the decree of divorce was rendered; that decree as rendered did not deprive her of it. The effect of the decree, acting upon her personal *status,* was to remove from her the disability, theretofore, as we have said, almost total, to sue concerning it, or to interfere in anywise in its control. Under the operation of that decree, too, the appellant, ceasing to be "husband," was no longer the head of the community, which had itself ceased to exist, and, as a consequence, he lost the exclusive

control and the somewhat absolute power to dispose of the community property; thenceforth the parties stood upon equal grounds in that respect, and neither could wholly exclude the other from a participation in the property and its present disposition.

We think, therefore, that upon the facts stated in the complaint, the injunction preventing the appellant from disposing of this property, with a view to place its proceeds beyond the reach of the process of the Courts, and to deprive the respondent of its benefits, was properly issued.

It is lastly claimed upon the part of the appellant that his answer fully denies all the equities of the complaint, and that for that reason the injunction should have been dissolved.

A consideration of this point makes it necessary that we should state somewhat more in detail the contents of the complaint than we have up to this point found it necessary to do.

It appears, by the allegations of the bill, that the parties were married in 1862, and that for some years thereafter, and up to May 20, 1869, they were lawful husband and wife. On the last mentioned day the decree of divorce was entered, divorcing the parties, in the Sixteenth Judicial District Court for the County of Kern. The appellant instituted the action in that Court, though at the time of its commencement the parties in fact resided in the County of Santa Barbara, in the Seventeenth Judicial District. He fraudulently brought the respondent into Kern County, for the purpose of having the process served upon her, and the service having been effected, he misinformed her of the purport of the papers so served upon her, and with a view to conceal their true nature from her, he, as soon as the officer making the service had departed, violently took them from her possession and destroyed them. He thereafter returned the respondent to her home in Santa Barbara County, and there kept her restrained of her liberty and secluded from all intercourse with her friends, and in ignorance of the pendency of the action, and thereby deprived, of course, of any opportunity to make her defense, though she had a good one on

the merits. The appellant is now proceeding to make sale of the whole of the community property, and place the proceeds beyond the reach of judicial process, and will do so unless restrained, etc.

We think it would be easy to show, if it were important to do so, that the answer filed does not, by fair construction, fully or fairly deny the allegations of the complaint.

For instance, it is charged in the bill that the appellant "fraudulently transported plaintiff into said Kern County for the purpose of having her served with a copy of the summons and complaint" in the action to obtain the divorce. Of course the substance of this charge, in connection with the other allegations of the bill, is that he took her away from her friends in Santa Barbara County, where she was living at the time, and where she might have had the benefit of advice and assistance in her distress, and carried her into the County of Kern, where she seems to have been a stranger personally, to obtain advantage over her. We cannot see why he would have taken her to Kern County to have her served with process, unless it was to obtain an unfair advantage over her, for the process of the District Court for Kern County might easily have been served upon her in Santa Barbara. But however this may be, the appellant's only answer to this allegation is as follows: "Defendant denies, and it is not true, that he fraudulently transported the said plaintiff into the said Kern County for the purpose of having her served with a copy of the summons or complaint in said action aforesaid." This, of course, is but a palpable evasion of the substance of the charge which it pretended to answer.

In our opinion, the answer, as a whole, is utterly insufficient as a full or fair denial of the equities disclosed in the bill—in fact, the principal matters upon which the bill proceeds are not denied at all.

But, irrespective of this obvious insufficiency in the answer here, we do not think that it can be maintained that the general rule, that when an answer denies fully the equities of the bill the injunction should be dissolved, is one of universal application, or without exception, or that the dissolu-

tion of the injunction must follow the filing of even such an answer by mere legal conclusion.

In *Poor* v. *Carleton* (3 Sumner R. 75), Mr. Justice Story, after a review of the authorities on this point, declares that he should have been sorry to find that any such practice had been established, as that an injunction should, at all events, be dissolved upon a mere denial by the answer of the whole merits of the bill.   That there are many cases in which such a practice would be most mischievous—nay, might be the cause of irreparable mischief.   He says that the question of dissolution, after the coming in of the answer, is one addressed to the sound discretion of the Court, and adds that if the authorities, properly considered, should seem to establish a contrary doctrine, he would hesitate to follow them in a mere matter of practice subversive of the very ends of justice.

The cases of *Moon* v. *Hylton* (Dev. Eq. 429); *Bank of Monroe* v. *Schermerhorn* (Clark's Ch. R. 305); *Cox* v. *The Mayor, etc.* (18 Geo. R. 735), and numerous other foreign authorities, support this general view, and in *Hicks* v. *Michael* (15 Cal. 117), we said that the granting and continuing of injunctions rest very much in the sound discretion of the Court, to be governed by the nature of the case.

And when the Court below has seen proper, in the exercise of its discretion, to continue an injunction in force until the hearing of the cause, its determination, in so far as it rests upon the effect of the denial of the equities of the bill merely, is entitled to great consideration here, and we ought not to disturb it except, perhaps, under peculiar circumstances, or unless an abuse of discretion should be made to appear.   (*Morris* v. *Jersey*, 1 Beasl. 227; *Id.* 542; *Dent* v. *Summerlin*, 12 Geo. R. 5; *Loyless* v. *Howell*, 15 *Id.* 554; *Doughty* v. *Summerville*, 3 Halst. Ch. 629.)

We see nothing in the circumstances of this case indicating that this discretion has been abused or misplaced.

The order is affirmed.

Rhodes, C. J., delivered the following dissenting opinion:

The temporary injunction was granted on the complaint alone. The motion to dissolve the injunction was based on the complaint and answer. All the allegations of the complaint, charging that the property mentioned therein was common property, are fully and specifically denied in the answer. Whatever may be the merits of the plaintiff's case in other respects, unless it appears to the Court that the property mentioned, was the common property of the plaintiff and said Alexis, the injunction should have been dissolved. The equities of the case in respect to the divorce, the means by which it was obtained, and the facts going to show that plaintiff is entitled to a decree of divorce, may all be in her favor; but they throw no light whatever on the question in respect to the common property, and, therefore, should not be taken into the account in determining whether the injunction should be retained. The plaintiff, in applying for the injunction, might have supported her allegations in respect to the common property by affidavits, showing — if such were the fact — that the property was common property ; but as she has chosen to rely solely on her own allegations, unaided by any fact in the case, the Court should, in my opinion, have dissolved the injunction, upon the coming in of the answer denying her allegations in that respect.

There is a further objection to the injunction. It appears by the pleadings that persons therein named are indebted to the defendant, Alexis, in divers large sums of money; and by the injunction he is restrained from collecting those sums of money from his debtors, and no provision is made, by the appointment of a receiver or otherwise, for their collection. No authority in support of this branch of the order is cited, doubtless for the sufficient reason that none can be found. In my opinion the injunction should have been dissolved.