[No. 2,712.]

A. B. McCREERY and JOHN SULLIVAN v. GEORGE BROWN, WM. PERRY, and EDWARD EWALD.

Discretion as to Dissolving Injunction, though Equities of Bill Denied by Answer.—Though an injunction should in general be dissolved when all the equities of the bill are denied by the answer, yet there may be circumstances disclosed by the pleadings under which the Court will, in the exercise of a sound discretion, be justified in continuing it till the hearing on the merits.

Appeal from the District Court of the Twelfth Judicial District, City and County of San Francisco.

This was an action to restrain the defendant Brown from prosecuting a forcible entry case against the defendants Perry and Ewald, in the County Court of the City and County of San Francisco. That suit, as appears, was originally commenced in 1860, before a Justice of the Peace. Being there decided in favor of the defendants therein, it was appealed to the County Court, where it was again decided in favor of the same parties. Brown subsequently took an appeal to the Supreme Court, where the cause remained unmoved from 1861 till 1869, when certain defects in the appeal papers were remedied upon an affidavit made by one A. Williams, to the effect that he had made certain clerical errors in the indorsements of the admission of service of the notice of appeal; and, the cause being then brought on for hearing before the Supreme Court, the judgment of the County Court was reversed and the cause remanded for a new trial.

In the meanwhile, the plaintiffs McCreery and Sullivan purchased the ground in controversy, consisting of about twenty-five acres of land in the City and County of San Francisco, from Perry and Edwards. In their complaint they allege that their grantors were in the actual possession of the land and transferred it to them; that Brown never had any right, title, interest, or possession; that he had no record title whatever; that his claim was fraudulent, and made to extort money; that, as a matter of fact, he had abandoned his forcible entry case, and claim to the premises, immediately after taking the appeal to the Supreme Court; that plaintiffs, though previous to their purchase they had had the title of the land searched, were ignorant of any claim by Brown; that the papers on appeal in said suit were insufficient to sustain the appeal taken; that afterwards, as the land became valuable, the defendants Brown and Perry confederated and combined together to defraud plaintiffs, and, in pursuance of their plans, induced Williams

to make the affidavit before referred to, and caused the record to be altered so that the appeal might be heard; that the record was thereby falsified and made to state what was not the truth; that the Court was imposed upon by said affidavit and alterations, all of which were done without any notice to or any knowledge of the plaintiffs; that the appeal in the Supreme Court, not being opposed, but fraudulently connived at by Perry, resulted in a reversal of the judgment and a sending of it back for the new trial, which they prayed to restrain.   They further alleged that Brown was irresponsible; that Perry and Ewald would not defend said action; and that if it should be allowed to go to judgment, and Brown thereby and by means of his frauds obtain possession of the premises, it would require tedious and expensive proceedings to evict him.

. Upon the complaint being filed, and on motion of plaintiffs, an injunction was issued and served with the summons, requiring the defendant Brown, until further order, to desist from further prosecuting the forcible entry suit in the County Court.   Afterwards Brown filed his answer, specifically denying each and every material allegation of the complaint, and then moved to dissolve the injunction, supporting his motion by affidavits of A. Williams, his former attorney, and M. A. Wheaton, his then attorney, in the forcible entry case, in addition to his own sworn answer.

On a hearing, the motion to dissolve the injunction was denied; and the defendant Brown appealed from the order.

*M. A. Wheaton*, for Appellant.

As the answer denied all the equities of the complaint, the injunction should have been dissolved. (*Gardner* v. *Perkins*, 9 Cal. 553; *Burnett* v. *Whitesides*, 13 Cal. 156; *Curtis* v. *Sutter*, 15 Cal. 259; *Johnson* v. *Wide West M. Co.* 22 Cal. 479; *Real del Monte M. Co.* v. *Pond Co.* 23 Cal. 82.)

There are no equities stated in the complaint sufficient to

sustain the injunction, for the reason that it does not show that Brown has not a good cause of action in his forcible entry suit, but it rather affirmatively shows that he has a good cause of action therein. It further shows that the Supreme Court has decided that the judgment in the County Court against Brown was erroneous, and reversed it as such. All the facts as to the time when the appeal was taken and the time that it had lain dormant, and the correction of the record, were before the Supreme Court; and it is not for a District Court to undertake to say that the Supreme Court acted wrongfully, or that its judgment was a nullity.

The case shows simply this state of facts: Brown was in possession of the twenty-five acres. Perry and Ewald forcibly ousted him in such a manner that he had a remedy to recover possession under the Forcible Entry Act. While he is pursuing that remedy the plaintiffs herein bought out Perry and Ewald's interest in the premises, and now attempt to deprive Brown of his remedy under the Forcible Entry Act by transferring the case to the District Court, on the sole and only ground of a plea of title in themselves—putting this action in such a shape, too, that even when Brown defeats them on their plea of title he will still be left out of possession and the plaintiffs in possession. All this is contrary to the forcible entry law and the decisions. (*McCauley* v. *Weller*, 12 Cal. 500; *Hodgkins* v. *Jordan*, 29 Cal. 578; *Owen* v. *Doty*, 28 Cal. 505; *Davis* v. *Perly*, 30 Cal. 632.)

*Barnes & Bowie*, for Respondents.

It is not denied that Brown is pecuniarily irresponsible, and without property or means, and that he could be made to respond to plaintiffs for detention of their property, or costs, and that all of plaintiffs' expenditures in the matter would be a total and irrevocable loss. These allegations of the complaint are, therefore, to be taken as true, so far as this proceeding is concerned. (*Cronise* v. *Clark*, 4 Md. Ch.

Dec. 403.) This being a material allegation, and undenied, the Court properly refused to dissolve the injunction. (*Rich* v. *Thomas,* 4 Jones Eq. 71; *Nelson* v. *Robinson,* 1 Hempstead, 464; *Furlong* v. *Edwards,* 3 Md. 113; *Real del Monte M. Co.* v. *Pond Co.* 23 Cal. 82; *Powell* v. *Brown,* 22 Geo. 275; *Parkinson* v. *Trousdale,* 3 Scam. 367; *Buckner* v. *Biernes,* 9 S. & M. 304; Hilliard on Inj. 94, 96, 100.)

The defendant would not have been necessarily entitled to a dissolution of the injunction even had his answer denied the equity of the bill. It still rested in the discretion of the Court to deny the motion. (Hilliard on Inj. 90, 100; Adams' Eq. 196; *Roberts* v. *Anderson,* 2 Johns. Ch. 204; *Crutchfield* v. *Danilly,* 16 Geo. 432; *Nelson* v. *Robinson,* 1 Hempst. 464; *Poor* v. *Carleton,* 3 Sumn. 25; *Linton* v. *Denham,* 6 Florida, 533; *Monroe* v. *McIntyre,* 6 Ired. Eq. 65.)

The proceedings of Brown, as detailed in the complaint and confirmed by the answer, were fruitful of suspicions; and the Court held, and we submit rightfully and within the limits of a reasonable judicial judgment, that a forcible entry and detainer suit which had been wrapped in a sleep of death for eight years might slumber yet a little longer, until the facts could be fairly, fully, and judicially investigated.


By the Court, Sprague, J.:

The material allegations of the complaint constituting the gravamen of plaintiff's claim to equitable relief are specifically denied by the answer, and the special denials of collusion and fraud are supported by the affidavits of Williams and Wheaton, filed with the answer. Under the general rule that "when all the equities of the bill are denied by the answer the injunction should be dissolved," the injunction should have been dissolved, unless the circumstances of the case, as disclosed by the pleadings, be such as to justify

the Court in the exercise of a sound discretion in continuing the injunction until the hearing upon the merits.

There are circumstances disclosed by the pleadings in this case, independent of the direct issues made thereby, which might well have influenced the Judge, in the exercise of a sound discretion, to continue the restraining order until the hearing upon the merits of the case. (*Godey* v. *Godey,* 39 Cal. 166, 167.)

Order affirmed.