[No. 5265.]

ANTHONY COOLOT v. THE CENTRAL PACIFIC RAILROAD COMPANY, LELAND STANFORD, COLLIS P. HUNTINGTON, CHARLES CROCKER, MARK HOPKINS, AND EDWARD H. MILLER, JR.

PRELIMINARY INJUNCTION.—An order granting a preliminary injunction upon complaint and answer and affidavits of the parties will not be reversed where it does not appear that there was an abuse of discretion, even if most of the facts stated in the complaint and plaintiff's affidavits are denied in the defendant's answer, and in his affidavits.

The complaint alleged that the plaintiff was a stockholder in the Central Pacific Railroad Company, and that the other defendants were its directors, and that the California Pacific Railroad Company was likewise a corporation operating a railroad from Vallejo to the city of Marysville; that, in 1871, the defendants, Stanford, Huntington, Hopkins, and Crocker, being desirous of purchasing from certain persons to the plaintiff unknown the capital stock of said last named road, entered into a conspiracy with said unknown persons and the directors of said last named road that said California Pacific Railroad

Company should issue to said Stanford, Huntington, Hopkins, and Crocker sixteen hundred bonds of said last named corporation, each for the sum of one thousand dollars, payable in twenty years, bearing interest at six per cent. per annum, secured by a mortgage on the railroad; that the bonds were issued for the purpose of enabling Stanford, Crocker, Huntington, and Hopkins to sell the same, and with the proceeds buy the stock of the last named railroad; that the railroad was already heavily in debt, and the bonds were valueless; and for the purpose of enabling Stanford and others to sell them, and for the purpose of defrauding the plaintiff and other stockholders of the Central Pacific Railroad Company, said Stanford and others, then being the directors of said Central Pacific Railroad Company, further conspired to procure said last named company to endorse said bonds, and guarantee the payment thereof; that said Stanford and others did procure said Central Pacific Railroad Company to endorse and guarantee said bonds; that the corporation had no power to bind itself to pay said bonds, and the guaranty was void; that neither the Central Pacific Railroad Company nor its stockholders had received or were to receive any benefit from the issuing of the bonds; that the money of the Central Pacific Railroad Company, amounting to four hundred and eighty thousand dollars, had been taken to pay interest on the bonds, and defendants were about to take forty-eight thousand dollars more from its treasury to pay interest on the same. There was a prayer that the defendants be perpetually enjoined from paying any more money on the bonds, and that, pending the suit, a preliminary injunction be granted, and that the guaranty and endorsement be canceled, and Stanford and others be required to account to the Central Pacific Railroad Company for the money already thus used. The Judge made an order for the defendants to show cause, on the 16th day of May, 1876, why the preliminary injunction should not be granted. The defendants answered on said 16th day of May, and both parties appeared before the Judge and read affidavits. The affidavits on behalf of the plaintiff tended to support the allegations of the complaint. The Judge granted the preliminary injunction, and the defendants appealed from the order. The other facts are stated in the opinion.

*W. H. L. Barnes,* for the Appellants.

*Delos Lake* and *A. A. Cohen,* for the Respondent.

By the COURT: .

The preliminary injunction in this case was issued upon the complaint and answer, and affidavits filed on behalf of the respective parties. The affidavits on the part of the plaintiff show that the guaranty was procured by fraud and was given by the Central Pacific Railroad Company without any consideration, and although most of the facts stated in the complaint and the plaintiff's affidavits, upon which he relies for an injunction, are denied by the defendants' answer and their affidavit, yet we cannot say that the granting of the injunction under the circumstances appearing in the case was an abuse of discretion. (See *Godey* v. *Godey,* 39 Cal. 167; *McCrary* v. *Brown,* 42 Cal. and other cases in this Court.) .

Order affirmed.