60   406
85   618
60   406
103  473.
60   406
121   55

[No. 6,632.—Department One.]
April 10, 1882.

FANNY WHITE v. MATTHEW NUNAN ET AL.

INJUNCTION—DISCRETION—APPEAL.—The continuance or dissolution of an injunction to prevent a sale of property, pending an action between the parties to determine the right to the property, is a matter within the sound discretion of the Court that issues the injunction, and this Court will not interfere with the exercise of that discretion, except in a case of palpable error or abuse of discretion.

APPEAL from an order refusing defendants' motion to dissolve injunction in the Fifteenth District Court of the City and County of San Francisco. DWINELLE J.

The legal title to the land in controversy was in the plaintiff. It was claimed by the defendants that the execution debtor was the equitable owner.

No brief on file for Appellant.

*McAllister & Bergin,* for Respondent.

That the continuance or dissolution of an injunction in such a case as the present is a matter of discretion which this Court will not revise, is so well settled as not to admit of argument. (*Patterson* v. *Board of Supervisors,* 50 Cal. 345; *De Godey* v. *Godey,* 39 id. 167; *McCreery* v. *Brown,* 42 id. 462.)

McKEE, J.:

On March 5, 1878, defendant, N. Proctor Smith, having recovered judgment against one John Miller for ten thousand five hundred and eighty-four dollars and costs, caused an execution to be issued thereon, and placed in the hands of his co-defendant, who, then being Sheriff of the City and County of San Francisco, levied the same upon the premises in controversy, and advertised them for sale according to law, to satisfy the execution. The plaintiff, claiming to be the owner in fee of the premises as her separate estate, commenced the action, out of which this case arises, to enjoin the sale as a cloud upon her title. On filing the complaint, the Court below awarded her an injunction enjoining the sale. The defendants answered the complaint, and, on the coming in of the answer, moved to dissolve the injunction. The motion was denied, and from the order of denial the defendants appeal.

The continuance or dissolution of an injunction to prevent a sale of property, pending an action between the parties to determine the right to the property, is a matter within the sound discretion of the Court that issues the injunction; and this Court will not interfere with the exercise of that discretion, except in a case of palpable error or abuse of discretion. (*De Godey* v. *Godey,* 39 Cal. 167; *McCreery* v. *Brown,* 42 id. 462; *Patterson* v. *Board of Supervisors,* 50 id. 345; *Efford* v. *S. P. R. R. Co.,* 52 id. 277; *Coolot* v. *C. P. R. R. Co.,* 52 id.

65; *Payne* v. *McKinley,* 54 id. 532; *Parrott* v. *Floyd,* 54 id. 534.) In the case in hand there appears to be no such error or abuse of discretion, and the order is affirmed.

Ross and McKINSTRY, JJ., concurred.