[Department One.— March 7, 1883.]

D.  ALBERT  HILLER,  RESPONDENT,  *v.*  CHARLES  J.  COLLINS  ET AL.,  APPELLANTS.

INJUNCTION— MOTION TO DISSOLVE. — REMEDY AT LAW. — Where a motion is made to dissolve an injunction on the ground that an adequate remedy exists at law, it is not enough that the facts stated in the complaint would be sufficient to sustain a criminal prosecution.

ID. — COMPLAINT — ANSWER — AFFIDAVITS — DISCRETION OF THE COURT.— The discretion exercised in refusing to dissolve an injunction will not be interfered with merely on the ground that some of the allegations of the complaint are on information and belief, a portion of these allegations not being denied by the answer, and the others supported by affidavits.

ID. — ANSWER AS AN AFFIDAVIT — RIGHT TO USE COUNTER-AFFIDAVITS. — Where an answer is used on the motion to dissolve, it is treated as an affidavit, and the plaintiff may use affidavits in opposition thereto.

ID. — AVERMENTS OF ANSWER ON INFORMATION AND BELIEF. — It appearing from the complaint and affidavits that the plaintiff was entitled to the injunction, a refusal to dissolve it on averments in the answer made upon information and belief was not an abuse of discretion.

REMEDIES — CUMULATIVE OR ADDITIONAL. — The remedy given by section 3, article 12, of the Constitution is additional to and does not supersede other remedies existing when the Constitution was adopted.

APPEAL from an order of the Superior Court of the city and county of San Francisco, refusing to dissolve an injunction.

The action was brought by the plaintiff as a stockholder of the Equitable Tunnel and Mining Company, a corporation, to enjoin a sale of his stock under an assessment levied by the directors, and to declare certain shares of stock claimed by one of the defendants to be the property of the corporation, and to enjoin the sale thereof and their transfer on the books of the company. An injunction was granted in accordance with the prayer of the complaint. The defendants filed an answer, and thereupon gave notice of a motion to dissolve the injunction on the pleadings. An amendment was subsequently made to the complaint, but it was filed on the hearing of the motion, and seems to have been used merely as an affidavit. Several affidavits were used by the plaintiff in opposing the motion. In the portion of the answer referred to in the opinion of the court as charging a fraudulent attempt by the plaintiff to acquire the property of the company, it was alleged in substance that the property had been sold under an execution against the company to one French, that the purchase was made by French for the benefit of the plaintiff, and that the money to make it was furnished by the latter through his wife; that the assessment was levied to obtain the means to redeem the property, that the company was destitute of money, and that the action was not prosecuted in good faith, but to prevent a redemption. The allegations as to the money for the purchase being furnished by the plaintiff, and his motive in bringing the action, were on information and belief. The additional facts involved in the questions decided sufficiently appear in the opinion of the court.

*Cowdery & McCutchen,* for Appellants.

*Wm. M. Pierson,* for Respondent.

PER CURIAM. — Defendants moved the court below to dissolve an injunction. The motion was submitted upon the

original complaint and amendment thereto, the answer, and certain affidavits filed and used by plaintiff. The motion was denied, and this appeal is by defendants from the order denying the motion.

Appellants claim : 1. If the averments in the complaint and amendment thereto are true, plaintiff has a complete remedy at law by prosecuting some of defendants for a criminal offense.

2. That the injunction ought to have been dissolved, because some of the allegations of the complaint are "upon information and belief."

3. That the equities of the complaint are denied by the answer.

It is also suggested that it appears from the allegations of the answer the process of the court is being abused by the plaintiff for the purpose of preventing the redemption by the corporation, of property sold under judgment against the corporation, at a sale at which plaintiff became the real purchaser, in the name of another, plaintiff thus intending to defraud the corporation of such property.

1. A criminal prosecution, in which *the people* would be plaintiff, would not be subject to the control of present plaintiff, nor would its success give plaintiff the relief which he seeks, or its equivalent.

2. Some of the averments of the complaint, "upon information and belief," are not denied by the answer; others were sustained by positive affidavits at the hearing. Assuming the allegations which are not denied by the answer, those which are themselves positive, and those sustained by positive averments in affidavits to be true, we cannot say the court below abused its discretion in refusing to dissolve the injunction.

3. All the equities of the complaint are not denied by the answer. With reference to such of them as are denied by the answer, it seems to be the established practice in this State to permit the use by plaintiff of affidavits against the sworn answer, which, on the application to dissolve, is treated as an affidavit. (*Falkinburg* v. *Lucy*, 35 Cal. 52; *Hicks* v. *Compton*, 18 Cal. 206.)

The averment in the answer with reference to alleged abuse of process and intended fraudulent acquisition of the property

of the corporation by plaintiff, "defendants are informed and believe that the money paid to purchase the said property at said sheriff's sale was furnished by plaintiff, through his wife, and said plaintiff caused the said purchase to be made," is met by the affidavit of plaintiff. In this he positively swears: "It is not true that I caused J. W. French (the person named in the answer as purchaser) to purchase the property of the defendant corporation at sheriff's sale. It is not true that the money paid to purchase the same was furnished by me through my wife. I have no interest whatever in said purchase." If it should be admitted that the resort to the injunction was made by plaintiff with intent to secure title to the property of the corporation—the complaint and affidavits showing plaintiff is entitled to the injunction—is material, and that plaintiff, pending the injunction suit could acquire title which could be asserted adversely to the corporation, we cannot say that the court below would have abused its discretion in refusing to dissolve upon the averment of the answer, "on information and belief," and the positive oath of plaintiff in his affidavit.

The facts alleged in the pleadings and affidavits are complicated, and although some of the facts stated by plaintiff are denied by defendants, yet we cannot say the refusal to dissolve the injunction under the circumstances appearing in the case was an abuse of discretion. (*Coolot* v. *C. P. R. R. Co.* 52 Cal. 67; *Parrott* v. *Floyd* 54 Cal. 534; *White* v. *Nunan,* 60 Cal. 406; *De Godey* v. *Godey,* 39 Cal. 167; *McCreery* v. *Brown,* 42 Cal. 457.)

It is to be distinctly understood that neither the order of the court below denying the motion, nor the affirmance of that order by this court, has any controlling influence upon the decree which may be entered in the cause. If the action has not already been tried, the judgment of the court below must, of course, be based upon the evidence which shall be taken at the trial. Order affirmed.

A petition was filed asking that the cause be heard in Bank, and on the 6th of April, 1883, the following opinion was delivered thereon:—

PER CURIAM.—The rehearing in this case is denied.

It is stated in the petition that the court (Department One) did not pass on a point made on the argument.

The appeal in this case is prosecuted from an order refusing to dissolve an injunction, and the point relied on is this: Admitting that respondent had been injured by the acts of the officers of the corporation, he could not maintain this action, because he has his remedy by *civil action* under section 3, article 12, of the Constitution. The section of the Constitution referred to only affords an additional remedy, without taking away any that existed when the Constitution became the law of the land. When such additional remedy is given, and the old one is not taken away, it is common law and common learning that the old one still continues. We see nothing in the point urged which affects the correctness of the conclusion reached by Department One.