[L. A. No. 4749. Department Two.—March 20, 1919.]

## F. W. KENDALL, Respondent, v. W. R. FOULKS, Appellant.

[1] PARTNERSHIP — DISSOLUTION AND ACCOUNTING — TEMPORARY IN-
JUNCTION—PRESERVATION OF STATUS QUO—PROPER REMEDY.—In a
suit for an accounting and for a dissolution of a partnership, a tem-
porary injunction granted in order to preserve the *status quo* pend-
ing the outcome of the case on the merits, is a proper remedy.

[2] INJUNCTION—GRANTING OR REFUSING—DISCRETION.—The granting,
denying, dissolving, or refusing to dissolve a preliminary or tem-
porary injunction rests in the sound discretion of the trial court
upon a consideration of all the particular circumstances of each
individual case.

[3] ID.—GRANTING OF TEMPORARY INJUNCTION — DENIALS OF VERIFIED
ANSWER—PECULIAR CIRCUMSTANCES.—While it may be conceded to
be the general rule that a temporary injunction will not be granted
upon the complaint alone, when the defendant files a verified answer
specifically denying all the material allegations of the complaint,
yet there may be peculiar circumstances in a case justifying a tem-
porary injunction even in the face of the absolute denials of the
answer, and where upon the hearing of the application additional
and peculiar circumstances are shown by testimony or by affidavits,
the court, in the exercise of its discretion, may take these circum-
stances into consideration.

[4] ID.—TEMPORARY INJUNCTION—DISCRETION NOT ABUSED.—In a suit
for an accounting and for dissolution of a partnership, the court
did not abuse its discretion in granting a temporary injunction to
preserve the *status quo,* where defendant's affidavits admitted the
creation of the firm, and then merely set up matter constituting an
avoidance of the averments of the complaint, rather than an abso-
lute denial, and plaintiff filed a counter-affidavit controverting
defendant's affidavits.

[5] ID.—EFFECT OF INJUNCTION.—The granting or denial of a pre-
liminary injunction does not amount to an adjudication of the ulti-
mate rights in controversy, but merely determines that the court,
balancing the equities of the parties, concludes that, pending a
trial on the merits, the defendant should or should not be restrained
from exercising the rights claimed by him.

APPEAL from an order of the Superior Court of Los
Angeles County granting an injunction. John W. Shenk,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry O. Wackerbarth for Appellant.

E. Burton Ceruti for Respondent.

LENNON, J.—The complaint in this action is in two counts. For the purposes of this opinion, it is necessary for us to consider only the allegations of the second count. In this count the plaintiff alleges, in effect, that on November 5, 1914, he and the defendant entered into a partnership agreement for the purpose of engaging in the business of carting and hauling. At the time of the creation of the partnership the defendant was purchasing a motor truck under an installment contract. It was agreed that each of the parties should pay the vendor of the truck $50 per month from his own funds, until the balance of $750 due on the truck was paid. Plaintiff was to "drive and use said truck in said partnership business, for which services," he should receive, "out of the income of said business, the sum of $60 per month." After the payment of the balance due on the truck, and a further payment to defendant of $275 in certain installments, plaintiff was to become a joint owner of the truck with defendant. The parties agreed to share the cost of maintaining and repairing the truck.

The complaint further alleged plaintiff's performance of all acts agreed by him to be performed under the partnership agreement, and that defendant had, from time to time, procured, obtained, secreted, and applied to his own use the receipts and profits of the business, aggregating a sum of money far in excess of his own share thereof; that he had deprived plaintiff of plaintiff's share thereof; that defendant had failed to apply moneys so received to the costs of the business, or to meet any of the payments to the vendor of the truck, as provided in the partnership agreement. It was also alleged that under said agreement plaintiff was entitled to the exclusive use and possession of said truck, and was charged with the duty of operating it; that on November 7, 1915, defendant fraudulently and by trick and device obtained possession of the truck and ever since has maintained the exclusive possession of the truck, and has prevented the plaintiff from having access to the same, from participating in the partnership business, from discharging his duties in said business, and from participating in any of the profits; that defendant

still collects the partnership debts and appropriates the proceeds to his own use, to the exclusion of plaintiff and greatly exceeding the proportion to which defendant was entitled, to the detriment of the firm's business and to plaintiff's injury. The complaint alleged that plaintiff is without adequate remedy at law, and that by reason of the acts complained of he has suffered and will suffer irreparable injury. The prayer of the complaint is for an accounting, for a dissolution of the partnership and a sale of its property, with a division of the proceeds between the partners, and for an injunction restraining defendant from interfering with plaintiff's possession and use of the truck and from interfering with the debts, moneys, or other property and effects of the partnership.

After an order to show cause, a temporary injunction was granted plaintiff which purported to maintain the rights of the respective parties *in statu quo* pending the hearing of the merits. The hearing of the application for an injunction *pendente lite* was had upon the allegations of the complaint and the affidavits *pro* and *con* of the respective parties, no answer having been filed at the time of the hearing of the application.

The defendant appeals from the order granting the injunction, and also from an order refusing to dissolve the same, but inasmuch as neither the motion to dissolve nor the order refusing to dissolve appears in the record, we need discuss only the appeal from the order granting the injunction.

Appellant's first point is to the effect that the complaint does not state facts sufficient to constitute a cause of action for an injunction, nor does it appear therefrom that the plaintiff was without an adequate remedy at law, or that he had or would suffer irreparable injury. In considering this point we must bear in mind the purpose for which the action is brought, and the object of the temporary injunction. The suit is being prosecuted for an accounting and for a dissolution of the partnership. The injunction is ancillary thereto, being granted in order to preserve the *status quo* pending the outcome of the case on its merits. **[1]** This is a proper subject for the remedy of a temporary injunction. (*Raisch* v. *Warren,* 18 Cal. App. 655, [124 Pac. 95] ; 2 High on Injunctions, 4th ed., sec. 1342; 30 Cyc. 725.) However, we need not decide whether the complaint, in itself, states facts which, standing alone, suffice to support a temporary in-

junction. [2] It is a rule so universally followed and so often stated as to need only to be referred to that the granting, denying, dissolving, or refusing to dissolve a preliminary or temporary injunction rests in the sound discretion of the trial court upon a consideration of all the particular circumstances of each individual case. (*White* v. *Nunan,* 60 Cal. 406; *Marks* v. *Weinstock, Lubin & Co.,* 121 Cal. 53, [53 Pac. 362]; *Piper* v. *Hawley,* 179 Cal. 10, [175 Pac. 417]; 22 Cyc. 746.) A careful consideration of the opposing affidavits of the respective parties, in connection with the complaint itself, satisfies us that the court below did not abuse its discretion in granting the injunction complained of.

The appellant further urges that the injunction was improperly granted because of the fact that the defendant met the complaint by affidavits denying the material allegations of the complaint. [3] It may be conceded that the general rule is that a temporary injunction will not be granted upon the complaint *alone,* when defendant files a verified answer specifically denying all the material allegations of the complaint. (*Crandall* v. *Woods,* 6 Cal. 449; *Gagliardo* v. *Crippen,* 22 Cal. 362.) But this court has also held that there may be peculiar circumstances in a case justifying a temporary injunction even in the face of the absolute denials of the answer. (*De Godey* v. *Godey,* 39 Cal. 157, 166; *McCreery* v. *Brown,* 42 Cal. 457.) And where upon the hearing of the application additional and peculiar circumstances are shown by testimony or by affidavits, the court, in the exercise of its discretion, may take these circumstances into consideration. (*Coolot* v. *Central Pac. R. R. Co.,* 52 Cal. 65; *Hiller* v. *Collins,* 63 Cal. 235; 2 High on Injunctions, 4th ed., secs. 1508, 1509.) [4] In the present case the affidavits of defendant admitted the creation of the partnership and then merely set up matter which constituted an avoidance of the averments of the complaint rather than an absolute, unequivocal denial. (See 22 Cyc. 947.) Furthermore, the plaintiff filed a counter-affidavit controverting the affidavits presented by the defendant. Here, again, we cannot say that the court abused its discretion in granting the temporary injunction, after taking all the circumstances before it into consideration.

Finally, appellant urges that specific performance of a partnership contract will not be decreed, and that an injunction cannot be granted to prevent a breach of a contract which

will not be specifically enforced.   But these rules do not apply to the case before us, since specific performance is not sought or given by the relief here granted.   The relief sought is an accounting and dissolution, and the injunction simply pre-serves the subject matter of the action to await the final dis-position of the cause on the merits.   **[5]**  "The granting or denial of a preliminary injunction does not amount to an ad-judication of the ultimate rights in controversy.   It merely determines that the court, balancing the respective equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising the rights claimed by him."   (*Miller & Lux v. Madera Canal etc. Co.*, 155 Cal. 59, [22 L. R. A. (N. S.) 391, 99 Pac. 502].)

The orders appealed from are affirmed.

Wilbur, J., and Melvin, J., concurred.