[Civ. No. 4324. First Appellate District, Division Two.—December 19, 1922.]

## THE PAVILION ICE RINK (a Corporation), Appellant, v. DANIEL J. O'BRIEN et al., Respondents.

[1] INJUNCTIONS—HEARING OF APPLICATION ON VERIFIED PLEADINGS—APPEAL—PRESUMPTION.—Where an application for a preliminary injunction is heard upon the allegations of the amended complaint and the allegations of the answer, which denies all the material allegations of the complaint, it must be presumed, on appeal, in favor of the order of the trial court refusing such injunction, that it found the allegations of the amended complaint to be untrue and the allegations of the answer to be true; and such being the case, the appellate court may not disturb the order of the trial court.

[2] ID.—TEMPORARY INJUNCTION—DISCRETION OF TRIAL COURT—APPEAL.—The granting or refusing to grant a temporary injunction is a matter which is addressed to the discretion of the trial court, and the action of the trial court may not be disturbed on appeal except when an abuse of discretion is shown; and this is especially true where the motion for a temporary injunction is based upon the complaint alone and a verified answer denying all the material allegations of the complaint.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing a preliminary injunction. F. J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. I. Stafford, Edward Cunha and John T. Williams for Appellant.

Matthew Brady, District Attorney, Joseph T. O'Connor, Deputy District Attorney, and George Lull, City Attorney, for Respondents.

NOURSE, J.—This is an appeal from an order of the superior court refusing a preliminary injunction to restrain the police commissioners, chief of police, and officers of the police department from trespassing upon plaintiff's premises and from interfering with its business of conducting a public dance-hall in the city and county of San Francisco. Application for a temporary injunction was made in the action numbered 4323 (*ante,* p. 183 [212 Pac. 631]), and was heard upon the amended complaint which was considered in that case and upon the answer of the defendants. [1] The answer denied all the material allegations of the amended complaint and both the amended complaint and answer were used as affidavits upon the hearing and constituted the only evidence upon which the order of the trial court was based. As no findings are required in a proceeding of this nature, we must presume in support of the order of the trial court that it found the allegations of the amended complaint to be untrue and the allegations of the answer to be true. Such being the case, this court may not disturb the order of the trial court. [2] The granting or refusing to grant a temporary injunction is a matter which is addressed to the discretion of the trial court (*Kendall* v. *Foulks,* 180 Cal. 171, 174 [179 Pac. 886]), and the action of the trial court may not be disturbed on appeal except when an abuse of that discretion is shown. This is especially true where the motion for a temporary injunction is based upon the complaint alone and a verified answer denying all the material allegations of the complaint. (*Kendall* v. *Foulks, supra.*)

Order affirmed.

Sturtevant, J., and Langdon, P. J., concurred.