[Civ. No. 10347. First Appellate District, Division One.—April 7, 1937.]

METROPOLITAN LAUNDRY COMPANY, LTD. (a Corporation), Respondent, v. B. C. GREENFIELD, Appellant.

Otto G. Kuklinski for Appellant.

Thomas, Beedy & Paramore for Respondent.

TYLER, P. J.—Appeal from an order granting a temporary injunction. The action in which the relief was prayed for and granted was one for damages. The allegations are to the effect that defendant Greenfield was employed by plaintiff as a laundry driver to collect from and deliver to customers of plaintiff certain laundry work; that at the time Greenfield entered upon his employment he agreed in writing that while in the employment of plaintiff, or thereafter should such employment be terminated, he would not solicit, divert or take away or furnish to any person, for a period of one year after the termination of such employment, information that would lead to the obtaining of plaintiff's customers. The complaint alleged that the employment had terminated and Greenfield had and was violating his contract with plaintiff by soliciting plaintiff's customers to bestow their work upon a competitor of plaintiff, and many customers had in consequence been induced to give their work to a rival concern to the great and irreparable damage of plaintiff. The answer denied the facts pleaded in the complaint and alleged certain other facts which it is claimed show that plaintiff was not entitled to maintain the action. Upon reading the verified complaint, to which was attached Greenfield's contract with plaintiff not to solicit plaintiff's customers, a preliminary injunction was issued by the terms of which Greenfield was restrained from doing such acts as his agreement recited he was not to do. It is from the order granting the injunction that Greenfield has appealed.

Appellant makes the contention that he was denied the opportunity of presenting his defense, and the action of the trial court in issuing the injunction after the filing of his answer was an abuse of discretion, arbitrary and erroneous. While it may be conceded to be the general rule that a temporary injunction will not be granted upon the complaint alone when defendant files an answer specifically denying all the material allegations of the complaint (*Crandall* v. *Woods,* 6 Cal. 449; *Gagliardo* v. *Crippen,* 22 Cal. 362), yet there may be peculiar circumstances in a case justifying a temporary injunction even in the face of the absolute denials in the answer. (*Lutz* v. *Western Iron & Metal Co.,* 190 Cal. 554 [213 Pac. 962].) The granting or refusing to grant a temporary injunction is a matter which is addressed to the sound discretion of the trial court, and its action will not be

disturbed on appeal except where an abuse of discretion is shown, and this is especially true where the motion is based upon the complaint alone and a verified answer denying all the material allegations of the complaint. (*Pavilion Ice Rink* v. *O'Brien,* 60 Cal. App. 185 [212 Pac. 632].) There may be peculiar circumstances in a case justifying a temporary injunction, even in the face of absolute denials in the answer. (*De Godey* v. *Godey,* 39 Cal. 157.) Here, according to the allegations of the complaint, appellant Greenfield was placed in a position of confidence, and the rights of his employer are in danger of being infringed upon by his unfair practices in using to his own advantage and to the disadvantage of his former employer the trade secrets and the list of customers confidentially reposed in him. We cannot say that the trial court under such circumstances abused its discretion in granting the relief prayed for. The preliminary injunction in this case does no more than prohibit appellant from doing the very things he contracted under his agreement not to do, and upon the granting of the order a bond was required of plaintiff.

The order is affirmed.

Cashin, J., and Knight, J., concurred.