[Civ. No. 11854.   First Dist., Div. Two.   Sept. 30, 1941.]

REMILLARD BRICK COMPANY (a Corporation), Respondent, v. A. O. DANDINI et al., Appellants.

George P. Tobin and Laurence D. Benamati for Appellants.

Johnson & Harmon for Respondent.

NOURSE, P. J.—From an order granting a preliminary injunction upon a complaint asking for the appointment of a receiver and other equitable relief, in which order the trial court also denied without prejudice the application for the appointment of a receiver, the defendants appeal upon a typewritten transcript. The grounds of appeal are: (1) that as to two of the five named· defendants, the court had not acquired jurisdiction; (2) that as to all defendants, the court had no jurisdiction of the subject matter; (3) that the provisions of section 527 of the Code of Civil Procedure were not followed; and (4) that the order was an abuse of discretion.

The complaint was filed on August 18, 1939, and an order to show cause and temporary restraining order was issued on the same day. The order was directed to three of the named defendants, and was served, together with a copy of the complaint on all five. On the return day all five defendants appeared, filed separate affidavits in opposition to the order, opposed an application for a continuance, and demanded an immediate hearing. No objection was made at any time to the form of the order to show cause, the failure to. cite two of the defendants to appear, or to the want of due service upon all five defendants. After a full hearing of two days the order granting the preliminary injunction was entered, which recites: "it appearing that due, legal and timely notice was given to the defendants herein who entered their appearance and filed counter affidavits. . . . " No attack is made upon the verity of these recitals.

Since the first question presents the question of jurisdiction of the person the answer is that personal service of process may be waived (section 416, Code of Civil Pro-

cedure) and that, when a party voluntarily appears generally, and without objection to the manner of service, he will be deemed to have waived objection and to have consented to the subsequent proceeding though there had been no service of notice upon him. (*People* v. *Macken,* 32 Cal. App. (2d) 31, 38 [89 Pac. (2d) 173] ; *Burrows* v. *Burrows,* 10 Cal. App. (2d) 749, 751 [52 Pac. (2d) 606] ; *Farmers etc. Nat. Bank* v. *Peterson,* 5 Cal. (2d) 601, 606 [55 Pac. (2d) 867].)

■ The second question is one of jurisdiction of the subject matter. The argument is that, since the order cited the defendants to appear and show cause why a receiver should not be appointed, the court was without jurisdiction to proceed with an application for a temporary restraining order. The same principles of law are controlling here because, from the opening of the hearing to the end, counsel for both parties, and the court, assumed that the application for a temporary injunction was properly before the court; counsel for the defendants made no objection to the hearing, but, to the contrary, demanded that it proceed upon the complaint and the counteraffidavits which he had filed in opposition to the application. Upon the authorities cited it must be held that he may not at this time complain that the defendants were not properly in court upon the order to show cause. The requirement of the statute that a temporary injunction cannot be issued except in response to an order to show cause is one for the benefit of the defendant which he may waive as he may waive service of process. And, of course, a defendant may waive the issuing of summons, as he may waive its service, by voluntary general appearance. (Section 416, Code of Civil Procedure.)

■ The failure to comply with the strict terms of section 527 of the Code of Civil Procedure is conceded. That section provides in part: "No preliminary injunction shall be granted without notice to the opposite party . . . if he (petitioner) be not ready, or if he shall fail to serve a copy of his complaint, affidavits and points and authorities, as herein required, the court shall dissolve the temporary restraining order." It should be noted that the section makes a clear distinction between the temporary restraining order and the preliminary injunction. It declares that, if the petitioner has failed to comply with the section, the temporary restraining order shall be dissolved. It does not prohibit the court

from issuing a preliminary injunction. That power is conferred by the Constitution, and by section 526 of the same code. ■ Here the objection is that the plaintiff had not filed the points and authorities two days prior to the hearing as required by the code section. It requested additional time to do so, and the defendants' objection was sustained. It was then that the defendants demanded an immediate hearing, without any points and authorities on file. That was the time they should have demanded a dissolution of the temporary restraining order, but, having demanded that the matter be heard without points and authorities they must be deemed to have waived the objection that none were on file, just as in the case of process and notice. (*People* v. *Macken, supra.*)

■ But, if it should be held that the proper course was for the trial court to dismiss the entire proceeding notwithstanding the waiver, it would have been a simple matter to have heard the entire matter on a subsequent date pursuant to legal notice and in compliance with the statute. Failure to dismiss could be nothing more than error committed within the court's jurisdiction and, having been invited by the defendants, it cannot be held prejudicial error within the meaning of section 4½ of article VI of the Constitution.

■ Lastly, the defendants urge that the trial court abused its discretion in issuing the preliminary injunction. The argument is based upon the assertion that the material portions of the complaint were alleged on information and belief and that they were mere conclusions of law. The defendants are in error in both contentions. The complaint is full of direct allegations of fraudulent misappropriations, misconduct, and mismanagement of the affairs of the corporation. These are not conclusions of law, but are direct allegations of material facts. In the course of the argument on this point the defendants appear to concede this to be so when they argue that all charges of claims of misappropriation of funds, fraud, insolvency, and threats to destroy corporate records "were positively denied by the affidavits presented by the defendants." ■ We have nothing on this point but the assertion that the trial court abused its discretion in rejecting the evidence of defendants' affidavits controverting the allegations of the complaint. This does not present a debatable

question on appeal. It is incumbent on an appellant to affirmatively show an abuse of discretion, otherwise there is no prejudicial error justifying a reversal. (*Pavilion Ice Rink* v. *O'Brien,* 60 Cal. App. 185, 186 [212 Pac. 632]; *Metropolitan L. Co., Ltd.* v. *Greenfield,* 20 Cal. App. (2d) 246, 248 [66 Pac. (2d) 722].)

The order is affirmed.

Spence, J., and Dooling, J. *pro tem.,* concurred.

A petition for a rehearing was denied October 30, 1941.