[No. 70. Second Appellate District.—August 30, 1905.]

## TERRACE WATER COMPANY, Respondent, v. SAN ANTONIO LIGHT AND POWER COMPANY et al., Appellants.

CONTRACT TO SELL ELECTRIC POWER—PERSONAL PROPERTY—PRICE NOT PAID—MEASURE OF DAMAGES.—A contract to sell electric power for five years is a valid contract to sell personal property, and where the price is not paid in advance the measure of damages for breach of the contract is the excess, if any, of the value of the property to the buyer over the amount which would have been due to the seller under the contract if it had been fulfilled.

ID.—PLEADING—ADMISSIBILITY OF EVIDENCE—PRESUMED NOTICE OF LEGAL DAMAGES—MINIMUM DAMAGES.—Damages resulting from the act complained may be proved under the *ad damnum* clause of the complaint. The defendant must be presumed to be aware of the damages fixed by law for the violation of his contract, and where no special damages were claimed or allowed the court properly allowed the minimum of damages resulting from the procurement from another at a higher price of what the defendant had failed to deliver at the stipulated price.

ID.—ESTOPPEL OF DEFAULTING PARTY.—The party who voluntarily and wrongfully puts an end to a contract and prevents the other party from performing it is estopped from denying that the injured party has not been damaged to the extent of his actual loss and his outlay fairly incurred.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Otis, Gregg & Surr, for Appellants.

E. R. Annable, and H. M. Willis, for Respondent.

ALLEN, J.—This action is based upon an alleged breach of contract entered into between plaintiff and defendants, in which findings and judgment went for plaintiff. This appeal is by defendants from the judgment supported by a bill of exceptions.

The defendant corporation on March 19, 1898, entered into an agreement in writing by which it obligated itself to furnish and deliver to plaintiff for the period of five years,

during the irrigating season of each year, and at a point to be designated by the plaintiff, on lots seven, eight, and nine, block twenty-five, Rancho San Bernardino, a continuous service of twenty-four hours of electric power, in an amount not less than ten nor greater than twenty horse-power, for the sum of $6.50 per horse-power per month, it being agreed that plaintiff should have a reasonable time in which to purchase and place in working order necessary machinery to utilize the power for the pumping of water from its wells, situate on the lots before mentioned, before the contract should become operative for the first year. The defendant corporation commenced the performance of such agreement, but in December, 1900, destroyed the connections between its plant and plaintiff's pumping machinery, and thereafter refused to furnish any power whatever, and did not furnish power during the irrigating seasons of 1901 and 1902, but refused so to do.

The court found that the plaintiff was required to, and did, for the ten and one half months comprising the irrigating season of the two years mentioned, purchase of the only parties from whom such power was obtainable, and at the cheapest rate, power with which to operate its pumps, at a monthly cost of $86 in excess of the cost to plaintiff under said contract with defendant; the aggregate of which excess was $903, for which judgment was rendered.

Upon the trial the court below, under a general averment of damages, admitted evidence, against the objections of defendant, tending to show that seventy inches of water was necessary to irrigate the lands described in the complaint and upon which was situate the pumping plant. This proof of such use of water, its extent and necessity, was not essential in establishing plaintiff's rights under the contract, nor, perhaps, under the allegations of the complaint, admissible.

But it is apparent from the findings that nothing was considered and nothing entered into the judgment by way of special damages, and the error was not therefore prejudicial.

The court further admitted evidence tending to show that plaintiff, after the breach, in order to obtain the power agreed to be furnished to it by defendant, entered into an agreement in writing with another power company, from which it obtained the power for the delivery of which de-

fendant was in default; and the full execution thereof, and the payment for such power, was established. For the excess cost over that which would have resulted to plaintiff had defendant performed its contract, and for this excess cost, and nothing else, the court rendered judgment. Appellant insists that such evidence was inadmissible under the general *ad damnum* clause of the complaint. The contract set out in the complaint was in reference to the sale and delivery of personal property. The thing of which there may be ownership is called property under our code. (Civ. Code, sec. 654.) There may be ownership of all inanimate things which are capable of appropriation or of manual delivery. (Civ. Code, sec. 655.) Every kind of property that is not real is personal. (Civ. Code, sec. 663.) It may be regarded as a solecism to say that one may own a thing not susceptible of definition and the nature and character of which is practically unknown, yet when one gathers from the elements an energy or force which he may store, transmit, and utilize, he thereby appropriates to his own use that thing, whatever it may be, and it is a subject of ownership, of barter and sale, so long as it is in possession. The defendant by the contract agreed to sell the energy in which it had an ownership, and to deliver the same at stated times in fixed amounts; and, as appears from the contract, the price thereof had not been fully paid in advance. Section 3308 of the Civil Code provides: ''The detriment caused by the breach of a seller's agreement to deliver personal property, the price of which has not been fully paid in advance, is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been fulfilled.''

''Damages which necessarily result from the act complained of are denominated general damages, and may be proved under the *ad damnum* clause. . . . The defendant must be presumed to be aware of the damages which necessarily result from the act done, and cannot be held to be taken by surprise.'' (*Treadwell* v. *Whittier*, 80 Cal. 579, [13 Am. St. Rep. 175, 22 Pac. 266].) ''Special damages must be alleged solely for the purpose of giving defendant notice of plaintiff's claim.'' (*Bristol Mfg. Co.* v. *Gridley*, 28 Conn.

I Cal. App.—33

201.) The parties to a contract of the character set out in the complaint must be held to have had in view the damages provided by law for its violation, and the minimum of damages must of necessity be the procurement from another of that which the defaulting party failed to deliver. To so act is by our supreme court, in *Mabb* v. *Stewart,* 147 Cal. 413, [81 Pac. 1073], held to be a duty as an observance of the principle that one injured must exercise reasonable care to render the injury as light as possible. In this case the injured party did not permit special damages to the groves and land for the irrigation of which the contract was obviously made, but did that which produced the least injury. It certainly cannot be said that one violating a contract cannot be supposed to contemplate as a result, and one which would necessarily follow its violation, that which would produce the least possible injury; notice is not essential when only such claim is sought to be established. The party who voluntarily and wrongfully puts an end to a contract and prevents the other party from performing it, is estopped from denying that the injured party has been damaged to the extent of his actual loss, and his outlay fairly incurred. (*United States* v. *Beham,* 110 U. S. 338, [4 Sup. Ct. 81].)

The proposition advanced, that a party may disregard his obligations and confidently assume that the only consequence thereof is a nominal damage, and that such nominal damage is all that necessarily follows such violation and all that can reasonably be anticipated as a penalty, should have no support.

We find no error in the record, and the judgment is affirmed.

Smith, J., and Gray, P. J., concurred.