[Civ. No. 1989.   Second Appellate District.—July 22, 1916.]

## WILLIAM J. TEMPLE, Appellant, v. GEORGE B. GORDON, Respondent.

PRELIMINARY INJUNCTION—DISCRETION—APPEAL.—The granting of a preliminary injunction is not a matter of right, but the application is addressed to the sound discretion of the court, which is to be exercised according to the circumstances of the particular case; and its action upon such application will not be reviewed in the appellate court unless it shall clearly appear that there was an abuse of its discretion.

ID.—SIMILARITY OF BREAD WRAPPERS—DENIAL OF PRELIMINARY INJUNCTION—DISCRETION NOT ABUSED.—Upon this appeal from an order denying a motion for a preliminary injunction restraining the defendant from using a certain wrapper upon bread manufactured and sold by him, on the ground of its similarity to the wrapper used by the plaintiff, it is held that in view of the nature of the relief demanded, and of the conflicting evidence which came before the

superior court upon the order to show cause, it cannot be said that the plaintiff's right to such injunction was conclusively established, or that the court abused its discretion in denying the motion.

APPEAL from an order of the Superior Court of Los Angeles County dissolving a restraining order and denying a motion for a preliminary injunction. John M. York, Judge.

The facts are stated in the opinion of the court.

Joseph F. Westall, and Henry T. Hazard, for Appellant.

Jones & Weller, for Respondent.

CONREY, P. J.—This is an appeal by the plaintiff from an order dissolving a restraining order and denying plaintiff's motion for a preliminary injunction. The application for the order was heard upon the complaint, and affidavits produced on both sides.

For about two years prior to defendant's acts of which the plaintiff complains plaintiff was engaged in manufacturing and selling a certain kind of bread, to which he gave the name of "Faultless" bread. In June, 1913, he caused to be registered as belonging to him the trademark and trade name "Faultless" as applied to that product, and obtained a certificate thereof from the Secretary of State of the state of California. In selling his bread thereafter he was accustomed to have each loaf wrapped in a certain kind of paper upon which was printed:

"FAULTLESS
BREAD
MADE BY
OCCIDENTAL BAKERY
Brdy. 4770     Los Angeles     A-5020."

These words and figures were printed in dark blue ink in a certain distinctive form. He advertised extensively his product under said trade name and built up a valuable business in the sale of the described bread. The plaintiff charged that thereafter the defendant, with intent to deceive and defraud the public and to injure and defraud the plaintiff, caused to be put up in similar packages a kind of bread sold by him, copying the general design, color of ink, etc., and

caused the bread to be sold in a nearly similar wrapper to that of the plaintiff, on which he placed the following printed matter:

"PEERLESS

PURITY          QUALITY,

PEERLESS

BREAD

MADE BY

GORDON BREAD CO.

South 4797          Los Angeles."

Samples of these wrappers are attached as exhibits to the complaint and are found in the transcript on appeal. The affidavits which accompanied the complaint were made by drivers of bread wagons for the plaintiff and contain statements of fact tending to show a similarity in appearance of the articles as placed on the market by the defendant to those sold by the plaintiff; tending also to show that some persons were deceived thereby, and that the bread sold by the defendant was inferior in weight and quality, but that nevertheless it was competing successfully with plaintiff's bread in the various establishments where bread was sold in the city of Los Angeles, and that plaintiff's business was being injured thereby. In response to the order to show cause the defendant presented to the court affidavits of himself and of several drivers of his delivery wagons and of several grocers who had been selling bread purchased from the plaintiff as well as from the defendant. The defendant denied many of the important allegations of the complaint. Among other things, the defendant stated in his affidavit and the accompanying affidavits stated matters tending to show that it was not true that by reason of close similarity of the names "Faultless" and "Peerless," or of the wrappers and packages as sold by the defendant, the public could be or was misled or imposed upon; that the defendant had been engaged in the manufacture and selling of bread in the city of Los Angeles for at least five years prior to the commencement of this action; that the wrappers used by him did not nor did he intend by them to imitate the plaintiff's trademark or label.

On the hearing of this motion it was not necessary for the court, in order to warrant a denial of the order asked for by plaintiff, to pass upon the merits of the case. The court may have concluded that the essential facts were so clearly in dis-

pute and the right of plaintiff to any relief so much in doubt under the showing made, that it would decline to grant any injunction at all until a trial on the merits. "The granting of a preliminary injunction is not a matter of right, but the application is addressed to the sound discretion of the court, which is to be exercised according to the circumstances of the particular case; and its action upon such application will not be reviewed in the appellate court unless it shall clearly appear that there was an abuse of its discretion." (*Santa Cruz Fair Building Assn.* v. *Grant,* 104 Cal. 306, [37 Pac. 1034].)

The plaintiff's case does not appear to be based upon any claim of exclusive right by reason of a trademark, since the trademark as registered by him relates only to the name or quality of the thing sold. (Civ. Code, sec. 991.) The claims asserted by him are based upon "the principle that in the interest of fair commercial dealing courts of equity, where one has been first in the field doing business under a given name, will protect that person to the extent of making competitors use reasonable precautions to prevent deceit and fraud upon the public and upon the business first in the field." (*Dunston* v. *Los Angeles Van etc. Co.,* 165 Cal. 89, 94, [131 Pac. 115, 117].) The relief rests upon the deceit or fraud which the later comer into the business field is practicing upon the earlier comer and upon the public. In view of the nature of the relief demanded, and in view of the conflicting evidence which came before the superior court under the order to show cause, we are unable to say that the plaintiff's right to a temporary injunction was conclusively established, or that the court abused its discretion in denying the motion.

The order appealed from is affirmed.

James, J., and Shaw, J., concurred.