[Civ. No. 3194.   Second Appellate District, Division Two.—May 1, 1920.]

CHESLEY MILLS, etc., Respondent, v. SAN DIEGO CONSERVATORY OF MUSIC (a Corporation), et al., Appellants.

[1] TRADE NAME — INJUNCTION — SUFFICIENCY OF COMPLAINT — FINDINGS—EVIDENCE.—In this action for an injunction to restrain the defendants from using and from conducting business under the name under which plaintiff had established and was conducting a school devoted to the art of music, and for damages, the complaint was sufficient as against a general demurrer, and the evidence was sufficient to sustain the findings of the trial court with reference to the deceit and fraud practiced by the defendants, other than the defendant corporation, upon the plaintiff by assuming and using the name under which the latter had been doing business.

[2] ID.—PRIOR USE OF NAME—EQUITY.—Where one has been first in the field doing business under a given name, courts of equity, in the interest of fair commercial dealing, will protect that person to the extent of compelling competitors to use reasonable precautions to prevent deceit and fraud upon the public and upon the business first in the field.

---

1. Necessity of fraudulent intent to justify injunction against unfair competition, notes, 3 Ann. Cas. 32; 4 L. R. A. (N. S.) 960.

[3] Pleading—Breach of Obligation by Defendants—Natural Result—Special Damage.—The refusal of a music company to carry out a contemplated scheme which had been agreed upon to buy a certain number of scholarships in plaintiff's conservatory of music because of defendants' adoption in use of the same name as that under which plaintiff had been and was doing business constituted a special damage, compensation for which could be recovered only where such damage was specially pleaded.

[4] Id.—Special Damage — Failure to Plead — Evidence Inadmissible.—Where special damage is not specially pleaded, the admission of evidence as to such damage, over defendants' objection, constitutes prejudicial error where it cannot be ascertained whether any such damages were allowed.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Henry C. Ryan and F. F. Grant for Appellants.

Sweet, Stearns & Forward and Stephen Connell for Respondent.

THOMAS, J.—This is an action for an injunction against the defendants, praying that the latter be enjoined from using the name "San Diego Conservatory of Music," and from conducting business under that name "or using the same in any manner whatsoever," asking for damages and for general relief. The relief is sought on the ground of unfair dealing on the part of the defendants.

The complaint, in apt and proper allegations, sets forth the acts complained of and because of which plaintiff seeks relief. A general demurrer was interposed to the complaint, and was by the court overruled. Defendants, by their answer, deny practically all the material allegations of the complaint, admitting, however, that defendants other than the corporation organized the defendant corporation, adopting said name therefor "for the purpose of engaging in the same character and line of business claimed to be carried on by plaintiff herein," the location of their business as alleged by plaintiff, and the publishing of certain advertisements; averring that only for the injunctional order of the court

they would have continued to carry on such business. The court found for the plaintiff on all the issues, and judgment was entered accordingly. There was a motion for new trial, which was denied. The appeal is from the judgment.

We have read the entire record. From the record it appears that the plaintiff, Professor Chesley Mills, during the year 1915 established a school devoted to the art of music in all its branches, including instruction in the playing of the piano, organ, violin, flute, cornet, mandolin, ukulele, and other orchestral instruments, together with voice culture, platform art, and dramatic training in general, and for the operation and management of a conservatory of music for such instruction and teaching, and the holding of public and private musicals and entertainments incident thereto, as well as the employment of teachers necessary to conduct and carry on such business; that at the time said business was so established the plaintiff adopted the name of ''San Diego Conservatory of Music,'' under which name, since the establishment of said business as aforesaid, he has carried on and conducted the same at 1630 Fifth Street, in the city of San Diego; and that under said name plaintiff built up a large business, widely and favorably known, as well as a valuable reputation, etc. That in September, 1917, the defendants, other than the corporation, organized the defendant corporation, under the laws of this state, under the identical name adopted by plaintiff at the time and place aforesaid, and established the office of said corporation and studio at No. 1434 Fifth Street, in San Diego, ''within eight hundred feet of plaintiff's said place of business, on the same side of the street,'' from which place and under which name defendants caused certain advertisements to be published; and that such business was so transacted by defendants from that time until restrained from so doing by the court. It is further alleged in the complaint that all this was done ''with the intent and for the purpose of defrauding plaintiff and appropriating for their own use and benefit the goodwill of plaintiff's business and deluding and deceiving plaintiff's customers and the public in general into the belief that the business of plaintiff conducted at the aforesaid place was being conducted by defendants, . . . and that the same has actually misled many of them to patronize defendants in the

belief that they, the said persons, are patronizing the plaintiff," all to plaintiff's damage, etc.

Appellants enumerate eight assignments of error, which may be reduced to two; errors of law occurring during the trial, and insufficiency of the evidence to support certain findings.

[1] As to the first point urged, it is claimed that the court erred in overruling defendants' demurrer to plaintiff's complaint. With this we cannot agree. We think the complaint amply sufficient as against the general demurrer.

The next point urged is that the evidence does not support findings Nos. 4, 5, and 6. These findings, in full, are as follows:

"4. That said defendants, B. Roscoe Schryock, Florence M. Young, Mary Barnum Kessler, Edna D. Anderson, J. Wm. Brown, and Mrs. L. R. Kirby, Sr., caused the name of San Diego Conservatory of Music to be adopted as the name of said defendants' corporation with the intent and with the express purpose of defrauding plaintiff and appropriating for their own use and benefit the goodwill of plaintiff's business and deluding and deceiving plaintiff's customers and the public in general into the belief that the business of plaintiff conducted at 1630 Fifth Street in said city as aforesaid was conducted by said defendants, and that each and all of the said notices or advertisements placed by defendants in said newspapers as aforesaid were caused to be placed therein for the same purpose and with the same intent, and that if said defendants are permitted to carry on said business at said No. 1434 Fifth Street or elsewhere under said corporate name of San Diego Conservatory of Music that the prospective applicants for instruction and customers of plaintiff and the public in general will at all times be deceived, misled, and defrauded into believing that the place where defendants are so conducting business is plaintiff's place of business, all of which is and will be to the injury and damage of plaintiff and to the public in general.

"5. That unless restrained from so doing by this court, the defendants will continue and proceed to carry on the said business under the said name of San Diego Conservatory of Music for and with the express purpose of deceiving plaintiff's customers and the public in general into the belief that plaintiff's business conducted at its place aforesaid is

defendants' business; and that the name adopted by said defendants, to wit, San Diego Conservatory of Music, was at all times calculated and intended to receive the prospective applicants for instruction at plaintiff's said school or business, and the patrons and customers thereof together with the public in general; that by reason of each and all of the acts of said defendants herein so done or caused to be done by them and each of them, plaintiff has been injured and damaged in the sum of one hundred dollars.

"6. That the adoption of said name of defendant corporation, San Diego Conservatory of Music, was made with the intention or purpose of defrauding plaintiff and deceiving or misleading the public and to injure plaintiff, and that each and all of the acts of said defendants have created much confusion in plaintiff's said business. Plaintiff has fully complied with all the provisions of sections 2466–2468 of the Civil Code of the state of California relating to the use of fictitious names. That plaintiff having had the prior and exclusive right to said name of San Diego Conservatory of Music, the said defendants herein and neither of them have any right to use said name of 'San Diego Conservatory of Music' for the reason that the use of said name by defendants is of damage to plaintiff and his business and is calculated to mislead and deceive as hereinbefore set forth.''

There is no merit whatever in the "point" that the evidence does not support these findings. Indeed, by the evidence of Mr. Schryock, director and head of the violin and piano department of the defendant corporation, it was shown that he knew, at the time of the incorporation of the defendant company, that plaintiff was conducting a business under that name, and instead of being open and aboveboard in his testimony, as one would be if acting wholly devoid of any ulterior motive, we see all through his testimony evidence of evasiveness and elusiveness, which, we think, amply justified the trial court in its observation that in its opinion this was a case of "rank fraud" on the part of the defendants. As we have already seen, plaintiff was first in the field doing business as above set forth. [2] "We think that in the interest of fair commercial dealing, courts of equity, where one has been first in the field doing business under a given name, will protect that person to the extent of compelling competitors to use reasonable precautions to prevent deceit

and fraud upon the public and upon the business first in the field.'' (*Spieker* v. *Lash*, 102 Cal. 38, [36 Pac. 362]; *Dunston* v. *Los Angeles Van etc. Co.*, 165 Cal. 89, [131 Pac. 115]; *Temple* v. *Gordon*, 31 Cal. App. 127, [159 Pac. 983].) We think, too, that the fraudulent intent, as well as the deceit and fraud which defendants practiced upon the plaintiff here, are fairly inferable from the situation of the parties and the defendants' acts.

[3] It is also urged by defendants, in support of this same assignment, that if any damage was done to plaintiff by reason of the fraudulent acts of the defendants, ''that it was a special damage and not a general damage,'' and by reason of that fact that the complaint did not set forth the elements of the special damage incurred by the plaintiff. Hence, it is argued, no damages can be recovered against the defendants herein. There is merit in this contention. ''General damages are such as the law implies and presumes to have accrued from the wrong complained of. They are such as naturally and necessarily result from the wrong, although this does not mean that they must inevitably and always result from a given wrong. . . . The subject of general and special damages as contradistinguished is principally a question of pleading, the general rule being that, where special damages are not claimed, a party can recover only such damages as are not only the natural and proximate result, but also the necessary result of the act complained of.'' (17 C. J. 712, sec. 20.)

The defendants were obliged to conduct themselves and to carry on their business in such a way as to be not unfairly or unjustly detrimental to plaintiff. Because of their admitted actions in this matter they breached that obligation in this, that because of defendants' adoption in use of the same name as that under which plaintiff had been and was at the time of said breach conducting his business, the Gray-Maw Music Company, a corporation, refused to carry out a contemplated scheme which had been agreed upon to buy a certain number of scholarships in plaintiff's conservatory of music. It is undoubtedly true that such injury might be said to follow *naturally* as a result of the defendants' said actions. We do not think, however, that it can be successfully maintained that they were such damages as *necessarily* would follow or result therefrom.

47 Cal. App.—20

[4] It follows, we think, that because of the absence of a pleading setting forth the special damage referred to, the court erred in overruling defendants' objection to the reception of evidence in support of the item of one hundred dollars damages found by the court to have been actually suffered by plantiff as aforesaid. The purpose of the rule requiring that such damages must be specially pleaded is to advise the defendant of the case he is expected to meet, and thus to prevent surprise at the trial. And where the admission of evidence as to special damages not specially pleaded will result in a reversal where it cannot be ascertained whether any such damages were allowed, it is prejudicial error to receive such evidence, in the absence of such a pleading, over defendants' objection. (8 R. C. L., sec. 157; *Treadwell* v. *Whittier*, 80 Cal. 574, [13 Am. St. Rep. 175, 5 L. R. A. 498, 22 Pac. 266]; *Terrace W. Co.* v. *San Antonio etc. Co.*, 1 Cal. App. 511, [82 Pac. 562]; *Morris* v. *Allen*, 17 Cal. App. 684, [121 Pac. 690].) It follows, therefore, that there is no legal evidence to support the finding as to this item of one hundred dollars.

The judgment, in so far as it awards damages to the plaintiff, is reversed. In all other respects it is affirmed.

Finlayson, P. J., concurred.

SLOANE, J., Concurring.—I concur in the decision, but not in all the conclusions of the majority opinion.

Unless the trial court was justified in finding that the defendants were guilty of fraudulent attempt to pirate the business and patronage of the plaintiff, from the mere fact that they attempted to appropriate to their own use the trade name under which plaintiff was doing business, I fail to see wherein the findings are supported by the evidence.

That there was a deliberate plan and purpose of the defendant Schryock to deprive the plaintiff of the use and benefit of the name "San Diego Conservatory of Music," and, in so far as possible, by incorporating his own business under the same name, obtain the exclusive use of such name, I think there is no doubt. But I fail to find any evidence in the record that he intended or attempted or used any means calculated to deceive the public or patrons of the plaintiff

into patronizing his business under the belief that they were patronizing the plaintiff, other than by the bare use of the same trade name. And there is certainly no evidence, if such was his purpose, that he succeeded in doing this with a single individual. The only publicity given the defendants' business after incorporating under the same name, "San Diego Conservatory of Music," so far as appears in evidence, was certain advertisements in the San Diego papers in which he announces the "San Diego Conservatory of Music (Incorporated)," with the name of "B. Roscoe Schryock, Director," displayed and emphasized in black-faced type. This use and display of defendant Schryock's name is calculated to distinguish his conservatory of music from the one which it is claimed owes its identity and standing to the name and personality of Chesley Mills, the plaintiff in this action. From the obvious attitude of these two rival musicians toward each other, it is probable that the last thing either of them would desire would be to have any of their patrons think he was serving the other's brand of music. If the defendant Schryock had located his home and business in the immediate vicinity of the plaintiff's school of music for the first time in connection with the incorporating under the same name, it might be argued from that circumstance that he chose the location with a view to confusing the public as to the identity of the two schools; but the record discloses that Schryock had been on the ground and teaching music there nearly, if not quite, as long as had plaintiff, and in the neighborhood of two years before he incorporated under the same name that plaintiff was using.

It seems clear from the settled rule in this state that the mere appropriation of a geographical name which has previously been adopted and is in use by a rival in business affords no ground of action unless accompanied by acts of unfair competition calculated to deceive the public into patronizing the usurping concern under a mistake as to identity. The name "San Diego Conservatory of Music" is admittedly not one that is subject to exclusive appropriation as a trade name, and the rule applicable to such trade designations is laid down in the leading case of *Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529, [50 Am. St. Rep. 57, 30 L. R. A. 182, 42 Pac. 142], in the following words of the syllabus: "Although there can be no proprietary right in a

trade name which is not the subject of a trademark, yet it is a fraud on a person who has established and carried it on under a given name that some other person should use the same name in such a way as to induce persons to deal with him in the belief that they are dealing with one who has given a reputation to the name." As is said in *Banzhaf* v. *Chase*, 150 Cal. 180, [88 Pac. 704], "the gist of the action is not the appropriation and use of another's trademark, but is based upon the fraudulent injury to and appropriation of another's trade." If in this case the defendants' acts were confined to the mere appropriation of the trade name used by plaintiff, without acts calculated to mislead those desiring to patronize the plaintiff into patronizing the defendant through a mistake in identity, no cause of action is shown.

I am not sufficiently satisfied, however, to justify dissenting from a majority of the court, that the mere fact of the appropriation of the name of plaintiff's business to a rival business, to be carried on in the same immediate vicinity, may not in itself sufficiently establish a condition calculated to mislead plaintiff's patrons, and justify a finding of the trial court to that effect, beyond reversal on appeal for want of evidence. The attempt to deprive plaintiff of the benefit of the trade name under which in good faith he had established his business was morally indefensible, and I do not know that the appellate court should go out of its way to strain a legal point in defendants' favor.

I cannot, however, agree with the conclusions of the opinion that there is evidence of intention on the part of defendants to mislead the public as to the separate identity of the two music concerns, or that they have been guilty of anything more than a constructive fraud.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 28, 1920, and the following opinion then rendered thereon:

THE COURT.—In denying the petition for a hearing in this court after decision by the district court of appeal of the second appellate district, division two, it seems proper to note that by the complaint the alleged damage was confined to loss of patronage in that the use of its name by

defendants has actually misled, and does still mislead, the public to patronize defendants in the belief that they are patronizing the plaintiff, and that the reputation of the plaintiff's business has been greatly injured and damaged. The only evidence in fact introduced on the subject of actual damage related to an entirely different matter. As the pleadings stood the evidence was inadmissible, and the finding of actual damage is without support in the evidence.

The petition for hearing in this court is denied.

All the Justices concurred.