[L. A. No. 7260. In Bank.—March 7, 1923.]

A. LUTZ, etc., Respondent, v. WESTERN IRON AND METAL COMPANY (a Corporation), et al., Appellants.

[1] Injunction — Use of Name — Pleading — Sufficiency of Complaint.—In this action to enjoin the defendants from using a certain name and conducting business thereunder it is held that the complaint states a cause of action.

[2] Pleading—Results.—A pleader is not required to describe *in extenso* by a superfluity of words a result that must inevitably follow, provided the premises of a stated proposition be acceded to.

[3] Injunction—Dissolution of—Denials of Answer.—It is not in every case that a temporary injunction will be dissolved or refused for a failure of a plaintiff to meet a verified answer specifically denying every material allegation of the complaint. There may be peculiar circumstances in a case justifying a temporary injunction even in the face of the absolute denials of the answer.

[4] Id.—Prior Use of Trade Name—Injunctive Relief.—In an action to enjoin the use of a certain name and the conducting of business thereunder, where the complaint positively avers that plaintiff was first in time in business and first in the selection of

a combination of words as a designation of a business which he had established and conducted some six or seven years before defendants entered the field, and which business was extensive and to the development of which plaintiff had expended much time and devoted energy and skill, the case is a proper one for injunctive relief.

[5] Id.—Discretion of Trial Court.—The granting, denying, dissolving or refusing to dissolve a preliminary or temporary injunction rests in the sound discretion of the trial court upon a consideration of all the particular circumstances of each individual case.

[6] Id.—Parties—Joinder of Corporation and Its Officers.—In an action to enjoin the use of a certain name and the conducting of business thereunder, there is no misjoinder of parties defendant, where the officers of the defendant corporation which is using the name are joined with it.

APPEAL from orders of the Superior Court of Los Angeles County overruling demurrers and continuing restraining order. Charles S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph L. Lewinson and William A. Barnhill for Appellants.

R. F. Church and Timon E. Owens for Respondent.

SEAWELL, J.—This is an action by respondent doing business under the fictitious name of Western Iron and Metal Company for an injunction against the Western Iron and Metal Company, a corporation, and Albert K. Lucas, Lester W. Roth, and David H. Miller, organizers, and, as shown by the answer, officers of said corporation, praying that the latter be enjoined from using the name Western Iron and Metal Company and from conducting business thereunder in the city of Los Angeles and elsewhere, and from using said name in any manner whatsoever, and for general relief and costs. No special damages are pleaded or claimed. Relief is sought on the ground of unfair dealing on the part of defendants.

A temporary restraining order was granted upon the verified complaint without notice, respondent being required to file a bond in the sum of $1,000. After hearing on the order to show cause the trial court made an order continuing

in effect the restraining order to abide a decision of the cause on its merits. The action of the court in this respect was equivalent to the granting of a temporary injunction.

The complaint sets out the acts complained of with considerable elaboration. Demurrers, both general and special, were interposed to the complaint, which were overruled by the court. A verified answer was filed by appellants.

This appeal is taken from the order overruling said demurrers and continuing said restraining order in force as aforesaid.

[1] The only ground of demurrer which we are required to pass upon at this time is whether or not a cause of action is stated by the complaint. That a cause of action is stated we entertain no serious doubt. It is not necessary to set out the allegations of the complaint in full. The portions descriptive of respondent's business are that on the first day of October, 1915, he commenced business in said city of Los Angeles and ever since said time has been and is still engaged in conducting in said city "an extensive and profitable wholesale and retail iron, metal and machinery business both new and second-hand, and a general iron and scrap iron business; that in said business respondent buys and sells all kinds of machinery and supplies and acts as agent in buying and selling all kinds of machinery and necessary supplies therefor both manufactured and unmanufactured; that he is also engaged in the business of buying and selling new and second-hand engines, boilers, machinery, grading equipment, tools, machine shops and electrical supplies and appliances, foundry and factory supplies and hardware of all kinds in all parts of the state of California, and several of the principal cities of the United States west of the Rocky Mountains; that by reason of the competent and efficient manner in which respondent has ever since October, 1915, and does now conduct said business, and by reason of advertising said business under said fictitious firm name of Western Iron and Metal Company, respondent has acquired and now commands an extensive patronage in the city of Los Angeles and throughout the state of California, and that he has acquired under said name and now enjoys a goodwill therein of great value." The usual allegations of damage and injury that would accrue to respondent if appellants, a competitor, be permitted to do business under

the same name heretofore adopted by respondent and to advertise said business under said name follow.

It is admitted that appellant, said Western Iron and Metal Company, was duly incorporated on January 7, 1922, with its principal place of business at the city of Los Angeles. That thereupon David H. Miller was elected president, Lester W. Roth, vice-president, and Albert K. Lucas, secretary and treasurer, of said corporation. Said defendant corporation had not at the time of filing its answer been granted permission by the state corporation commissioner to issue or sell any of its capital stock upon its application made January 18, 1922. Appellant corporation denied that it is about to engage in an extensive campaign of advertising its said business under the name of the Western Iron and Metal Company, but does admit that it intends to advertise its name and its said business in the manner usually employed by persons conducting a business of a similar character.

Before bringing the action respondent filed with the county clerk of Los Angeles County a certificate setting out the name in full of his business, the place of business, and gave due notice of publication of said certificate as required of every person transacting business in this state under a fictitious name by the provisions of section 2466 of the Civil Code.

On the sixteenth day of January, 1922, before appellants made application to the corporation commissioner to issue or sell any stock they were notified by respondent that by reason of the latter having conducted the business heretofore described for a great many years prior to said day last above named under the name of Western Iron and Metal Company he had acquired the right to use the same, and demanded that appellants, and each of them, refrain from using said name, but appellants have at all times refused to refrain from using said name.

As an answer to the earnest objection made by appellants that the complaint is lacking in necessary and substantial averments and that no allegations of ultimate facts are set out, but conclusions of law merely are pleaded, we deem it sufficient to quote therefrom. It alleges that appellants "organized said corporation and adopted said name therefor with the intent and for the purpose of defrauding plain-

tiff and appropriating for their own use and benefit the goodwill of plaintiff's business and deluding and deceiving plaintiff's customers and the public in general into the belief that the business of plaintiff conducted at said city of Los Angeles would be and was being conducted by defendants. Plaintiff is informed and believes, and on that ground alleges, that defendants are about to commence, and to continue unless restrained by this court, an extensive campaign of advertising their said business under said name of Western Iron and Metal Company and that if said defendants so advertise their said business they will actually mislead many customers of the plaintiff, both actual and prospective, to patronize said defendant Western Iron and Metal Company in the belief that the said persons were and are patronizing the plaintiff.

"That if the defendants herein and each of and all of them are permitted to carry on business under the corporate name of Western Iron and Metal Company at said city of Los Angeles, or elsewhere, the prospective customers of plaintiff and the public in general will, at all times be deceived, misled and defrauded into believing that the business so conducted by defendants is the business of plaintiff, all of which is and will be, to the injury and damage of plaintiff and to the public in general.

"That unless restrained from so doing by the court the defendants will continue and proceed to carry on their said business under the said name of Western Iron and Metal Company, a corporation, for and with the express purpose of deceiving plaintiff's customers and the public in general into the belief that plaintiff's business is defendant's business; that the name adopted by said defendants was at all times and is now, calculated and intended to deceive customers of plaintiff herein, together with the public in general; that each and all of the acts of said defendants so made with the intention and purpose of defrauding and deceiving and influencing the business and injuring plaintiff have created and will continue to create much confusion in plaintiff's said business; that plaintiff gave to his said business the fictitious firm name of Western Iron and Metal Company and for more than five (5) years last past has conducted said business under said name; that plaintiff has no plain, speedy and adequate remedy at law and that

actions at law will not afford plaintiff plain, speedy and
adequate remedy for said continuing unlawful acts of said
defendants and that the remedy hereby sought is necessary
to prevent a multiplicity of judicial proceedings; that plain-
tiff has had for many years the prior and exclusive right to
the said name of Western Iron and Metal Company for
which reason the said defendants herein and none of them
have any right to use said name Western Iron and Metal
Company.''

It is true that conclusions of law, strictly speaking, are
to be found within the quoted portions of the complaint, but,
nevertheless, sufficient allegations of fact appear to save the
complaint from total demolition because of a few apparent
infirmities.   From the nature of the situation the injury or
damage that will accrue to respondent if appellants are per-
mitted to do the threatened acts in the name attempted to
be appropriated is plain.   [2]   A pleader is not required
to describe *in extenso* by a superfluity of words a result
that must inevitably follow, provided the premises of a
stated proposition be acceded to.   Can there be any doubt as
to the natural and logical effect the competition described
in the complaint would have on respondent's business?
Our attention has been called to the fact that the allega-
tions of the complaint before us follow very closely and
confessedly were patterned after the allegations of the
complaint in *Mills* v. *Conservatory of Music,* 47 Cal. App.
300 [191 Pac. 546].   We regard them as sufficient.

[3]   Appellants contend quite vigorously that where a
verified complaint is the basis for injunctive relief the facts
stated therein must stand the test to which oral testimony
would be subjected; and, further, where all the material
allegations of the complaint are denied and there are no affi-
davits supporting the complaint, or other proof, the injunc-
tion should be dissolved.   As an answer to the first state-
ment of the rule it will be observed that all of the material
allegations of the complaint except one are positive and
direct, while several of the denials made of important alle-
gations are on information and belief.   The exception to the
allegation in the complaint above mentioned is in respect to
the allegation that appellants intend to advertise their com-
petitive business under the same name that respondent is
conducting and has heretofore conducted his business.   Ap-

pellants admit that they actually intend to do the act alleged on information and belief, denying only that the advertising was to be as extensive as alleged. The admission, which is an important one, supplies the failure to plead in positive terms. There are sufficient indisputable facts alleged in the complaint to have justified the court in the exercise of its discretion in continuing in force its order. It is not in every case that a temporary injunction will be dissolved or refused for a failure of a plaintiff to meet a verified answer specifically denying every material allegation of the complaint. "There may be," said this court in *Kendall* v. *Foulks*, 180 Cal. 171 [179 Pac. 886], "peculiar circumstances in a case [and which we think exist in the instant case] justifying a temporary injunction even in the face of the absolute denials of the answer."

[4] We think the case before us is a proper one for the granting of injunctive relief. It appears from positive averments that respondent was first in time in business and first in the selection of a combination of words as a designation of a business which he had established and conducted some six or seven years before appellants entered the field, and which business was extensive and to the development of which respondent had expended much time and devoted energy and doubtless some skill. The complaint upon its face brings the instant case within the exception stated in *Kendall* v. *Foulks, supra.* We think the case last above cited fully disposes of appellants' contention that the court should have dissolved the temporary restraining order. It is there said: [5] "It is a rule so universally followed and so often stated as to need only to be referred to that the granting, denying, dissolving, or refusing to dissolve a preliminary or temporary injunction rests in the sound discretion of the trial court upon a consideration of all the particular circumstances of each individual case. (*White* v. *Nunan,* 60 Cal. 406; *Marks* v. *Weinstock, Lubin & Co.,* 121 Cal. 53 [53 Pac. 362]; *Piper* v. *Hawley,* 179 Cal. 10 [175 Pac. 417]; 22 Cyc. 746.) . . . 'The granting or denial of a preliminary injunction does not amount to an adjudication of the ultimate rights in controversy. It merely determines that the court, balancing the equities of the parties, concludes that, pending a trial on the merits, the defendant should or that he should not be restrained from exercising

the rights claimed by him.' "   We cannot say that the court here abused its discretion in granting the temporary injunction.

The case of the respondent does not depend upon an exclusive right to the use of a trademark, or, indeed, a trade name, altogether, but rests upon the broad equitable ground that the methods employed by appellants fall under the ban and are denounced as unfair competition in commercial dealings. Unquestionably, the public would be misled, deceived, and confused as to respondent's identity and he would be placed at a greater business disadvantage than he could possibly otherwise be placed if the competition was conducted along the lines of ordinary legitimate business competition.

A discussion of the facts of this case is not to be confused with the principle announced in the line of cases which discuss the exclusive right to the use of trademarks. The principle of law here invoked is entirely separable from the principles controlling trademark cases, the intermixing of which has sometimes confused the issue.

Upon a full consideration of the case as presented we are of the opinion that the temporary injunction against a continuance of the existing and threatened acts was properly granted.

[6] There is no misjoinder of parties defendant. It is admitted that the individual defendants named in the caption of the complaint are officers of the corporation.

The temporary injunction is broader than it should have been made, but doubtless there will no attempt to enforce it without the limits of the state.

The orders appealed from are affirmed.

Kerrigan, J., Lawlor, J., Lennon, J., Wilbur, C. J., Myers, J., and Waste, J., concurred.