THOMAS HELVEY *v.* WABASH COUNTY REMC.

[No. 971A185. Filed February 17, 1972.]

*John Johnston, McCallen, Johnston & Mattern,* of Wabash, for appellant.

*Alfred H. Plummer, III, Plummer, Tiede, Magley & Metz,* of Wabash, for appellee.

ROBERTSON, J.—Appellant Helvey filed an action against appellee REMC, based upon a breach of implied and express warranties, for damages caused to certain 110 volt household appliances. The damage was a result of REMC furnishing electricity of 135 or more volts. REMC filed an answer in denial as well as the special defense that more than four years had accrued since the incident occurred. REMC then filed a motion for summary judgment, predicated upon the statute of limitations. At the same time REMC filed a petition for extension of time to answer interrogatories that Helvey had submitted earlier in the case. The court granted the motion for extension of time by ruling the interrogatories be answered 30 days after the ruling on summary judgment.

A hearing on the summary judgment was held, Helvey's deposition being published in the meantime, and the court subsequently granted REMC's motion for summary judgment. REMC had amended its original motion for summary judgment, and it was upon the latter that the court ruled.

Helvey's overruled motion to correct errors contained three specifications:

1. The decision was not supported by sufficient evidence upon all the necessary elements of the claim or defense which makes the decision contrary to law;

2. Properly raised uncorrected errors of law occurring before and during the proceedings, and,

3. The decision is contrary to law.

The first issue to be resolved is which statute of limitations applies to the facts of this case. REMC says the following applies:

> "An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." IC 1971, 26-1-2-725 Ind. Ann. Stat. § 19-2-725 (Burns 1964.)

Helvey recollected that the incident in question was corrected the cold night the damage occurred. The incident was identified because of the presence of Bill Yentes. Yentes' affidavit shows the date to be the 10th of January, 1966. The cause was filed on the 4th of March, 1970.

In order for the Uniform Commercial Code statute of limitations to apply, electricity must possess the following qualities:

> "(1) 'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8 [§§ 19-8-101—19-8-406]) and things in action. . . ."
>
> (2) Goods must be both existing and identified before any interest in them can pass. . . ." IC 1971, 26-1-2-105, Ind. Ann. Stat. § 19-2-105 (Burns 1964.)

Helvey is of the opinion that electrical energy is not a transaction in goods but rather a furnishing of a service, which would make the following statute of limitations applicable:

> "The following actions shall be commenced within six [6] years after the cause of action has accrued, and not afterwards.
>
> First. On accounts and contracts not in writing." IC 1971, 34-1-2-1, Ind. Ann. Stat. § 2-601 (Burns 1967.)

Helvey concedes that electricity is legally considered to be personal property, that it is subject to ownership, and that

it may be bartered and sold. *Hill* v. *Pacific Gas & Electric Co.* (1913), 22 Cal. App. 788, 136 P. 492. *Terrace Water Company* v. *San Antonio Light and Power Company et al.* (1905), 1 Cal. App. 511, 82 P. 562; *Sixty Seventh South Munn.* v. *Bd. of Public Utility Commissioners* (1929), 106 N. J. Law 45, 147 A. 735. We further note that electricity may be stolen; IC 1971, 35-1-66-3, Ind. Ann. Stat. § 10-4519 (Burns 1956); and taxed, *Gross Income Tax Division* v. *Chicago District Electric Generating Corp.* (1956), 236 Ind. 117, 139 N. E. 2d 161.

It is necessary for goods to be (1) a thing; (2) existing; and (3) movable, with (2) and (3) existing simultaneously. We are of the opinion that electricity qualifies in each respect. Helvey says it is not movable and in this respect we do not agree, if for no other reason than the monthly reminder from the electric company of how much current has passed through the meter. Logic would indicate that whatever can be measured in order to establish the price to be paid would be indicative of fulfilling both the existing and movable requirements of goods.

We further take note that one of the principle underlying purposes in adoption of the Uniform Commercial Code is "to make uniform the law among the various jurisdictions." IC 1971, 26-1-1-102(2) (c), Ind. Ann. Stat. § 19-1-102(2) (c) (Burns 1914). With this in mind, we rely upon the authority of *Gardiner* v. *Philadelphia Gas Works* (1964), 413 Pa. 415, 197 A. 2d 612, wherein natural gas was determined to be goods within the scope of the Uniform Commercial Code, therefore, the four-year statute of limitations was applicable.

Helvey further argues that electricity not being goods under the purview of the Uniform Commercial Code, the previously mentioned six-year statute of limitations necessarily applies. REMC counters this argument, and we believe correctly, that the two-year statute of limitations for damage to personal property (IC 1971, 34-1-2-2, Ind. Ann. Stat. § 2-602 [Burns

1967] ) would be applicable. While the question was not raised below, and need not be decided here, there could be a great deal of merit to REMC's position in this regard.

Helvey further raises as error the postponement of the answering of the interrogatories until after the ruling on the motion for summary judgment. We agree that such was error, but that such error was harmless as contemplated by TR. 61. Such position can be sustained for two reasons. First, the interrogatories submitted by Helvey were not the only avenue of discovery available to him. Depositions (TR. 26 and 30) ; requests for admissions (TR. 36) ; and the use of affidavits and further testimony (TR. 56[E]), were available, but apparently not used, in this case.

The second reason that it was harmless error to extend the time to answer the interrogatories was the purpose for which they were to serve. Each of the six questions contained the word "service." Helvey, through his brief, states that had these questions been answered in the affirmative, the legal fact that REMC was engaged in furnishing services, and not goods as contemplated by the Uniform Commercial Code, therefore the six-year statute of limitations would allow his cause of action to survive. We believe that Helvey attaches too strained a definition to the word, as well as its use in the authorities he cites, not only as it applies to the purpose of the interrogatories, but also as it would or would not apply to the application of the various statute of limitations. An appropriate definition of the word "service" has been defined as:

> "We have for definition not 'service in the abstract, nor in its general sense, but "merchandising service," and that of a limited character: 'utility merchandising service.' 'Merchandise' (the verb) means to trade, buy and sell articles of commerce. It connotes both the act of buying and selling and the thing bought or sold." *Central Power & Light Co.* v. *State* (1942), 165 S. W. 2d 920, 925 (Tex.).—Civ. App.

While this case is directed to sales of appliances by a utility, we believe the definition is equally befitting the sale of its principle product.

The court had sufficient information to determine the passage of time and whether or not, as a matter of law, the statute of limitations had passed.

The third and final question raised by Helvey, is the REMC estopped from asserting the four-year statute of limitations because they represented to Helvey as providing a service? The record is devoid of any assertion of estoppel by Helvey.

"We find no exceptions to the uniform rule that an estoppel must be specially and strictly pleaded and that no intendments are made in favor of such plea, and when there is grounds for interference or intendment, it will be against and not in favor of estoppel." (Citing authorities.) *Emmco Insurance* v. *Pashas* (1966), 140 Ind. App. 544, 551; 224 N. E. 2d 314, 318.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 278 N. E. 2d 608.