INDIANA & MICHIGAN ELECTRIC COMPANY *v.* WHITLEY COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION.

[No. 3-174A9. Filed September 17, 1974.]

Milford M. Miller, Edward L. Murphy, Jr., C. Erik Chicke-
dantz, Livingston, Dildine, Haynie & Yoder, of Fort Wayne,
for appellant.

Bloom, Bloom & Fleck, of Columbia City, Parr, Richey,
Obremskey, Pedersen & Morton, of Lebanon, for appellee.

GARRARD, J.—This is a companion case to *I & M Electric
Co.* v. *Whitley Co. REMC* (1974), 160 Ind. App. 446, 312
N.E.2d 503, and is controlled by that decision.

While the subject matter involves different land annexed
by Huntertown, again the court granted the REMC a perma-
nent injunction on its motion for summary judgment upon
a showing that I & M was commencing to serve the annexed
33.51 acres without having negotiated with REMC "for the
purchase of its property within the annexed area and used
and useful in or in connection with rendering electric utility
service therein", and without having commenced an action to
condemn the same.[1] Again it appears that REMC had no
tangible property located within the area annexed.

Our decision in *I & M Electric Co.* v. *Whitley Co. REMC*
(1974), 160 Ind. App. 446, 312 N.E.2d 503, is fully applicable
to the main issues raised by appellant herein and requires that
the summary judgment be reversed.

There is in the present case, however, an issue of trial pro-
cedure that was not involved in the other case. In the course
of pre-trial discovery, I & M addressed twenty-two interroga-
tories to REMC. The court sustained REMC's objections to

---

1. See, IC 1971, 8-1-13-19 (Burns Code Ed.)

interrogatories 12, 13, 18 and 19. While it does not appear that the court ruled on the objection to interrogatory 17, it was not answered prior to determination of the summary judgment.

Interrogatory No. 12 sought to discover REMC's contention as to whether a particular substation would have been constructed or its rated capacity increased if, at the time such work was done, the 33.51 acres in question had already been annexed by Huntertown. No. 13 referred to No. 12 and requested the reasons why and the identity of persons expected to testify thereto.

No. 17 sought REMC's similar contentions regarding a one-phase power line constructed near the annexed area.

No. 18 sought identification of the precise nature and geographical location of each item of tangible property belonging to REMC and located in the township which REMC contended "would not have been built, constructed, purchased and/or invested in" had the annexed area been a part of Huntertown on January 1, 1936, which was prior to REMC's organization. No. 19 sought to determine the cost and present value of all such items.

REMC's objection to each of these interrogatories was that the interrogatory sought to discover a party's *contention* regarding a factual matter to be decided by the court. In addition, Nos. 18 and 19 allegedly called for speculation as to the state of mind of the officers of REMC as of January 1, 1936.

Indiana Rules of Procedure, Trial Rule 26(B)(1) makes available pre-trial discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. TR. 33(B), dealing specifically with interrogatories, provides they may relate to any matter which may be inquired into under TR. 26(B) and are not objectionable merely because an answer involves an opinion, contention, or legal conclusion.

It is unnecessary to here consider the broad ambits of discovery as a concomitant to the theories of notice pleading. The rule specifically permits the acquisition of relevant information although it may be deemed an opinion or contention. Under our decision in the first I & M case, the information sought was relevant to a determination of whether REMC had a legally compensable interest, which in turn is relevant to its right to injunctive relief. The error would, therefore, not be harmless as it was in *Helvey* v. *Wabash County REMC* (1972), 151 Ind. App. 176, 278 N.E.2d 608, where unanswered interrogatories were not germane to the affirmative defense upon which the summary judgment was based.

I & M also urges that even within the holding of the prior case, nothing more than a temporary injunction would be proper. It is said that a permanent injunction would forever determine the operating rights of the parties. We believe this argument misconceives the nature of permanent injunctive relief.

As set forth in *City of Greenfield* v. *Hancock Co. REMC* (1974), 160 Ind. App. 529, 312 N.E.2d 867, an injunction does not create rights. It merely protects existing rights from injurious interference.

As aptly put by the writer in 42 Am. Jur. 2d, Injunctions, § 323, p. 1125:

"The complainant does not thereby acquire a perpetual or vested right in the remedy, or in the law governing the injunction, or in the effect of the injunction. Nor is he entitled to the same measure of protection at all times and under all circumstances; the injunction order or decree is an ambulatory one and marches along with time, affected by the nature of the proceeding."

Thus, the distinction between "temporary" and "permanent" injunctive relief is essentially procedural. The former is issued during an action's pendency and the latter upon its disposition.

If, on final determination of the cause, REMC is entitled to injunctive relief to protect rights afforded by IC 1971, 8-1-13-19, the injunction issued is permanent, as opposed to temporary. Such an injunction, however, should properly be limited to prohibiting injurious interference with the rights protected. If overbroad or changed into an instrument of wrong through changing circumstances, it is subject to modification through the court's continuing equity power and jurisdiction. *U.S.* v. *Swift & Co.* (1932), 286 U.S. 106.

The judgment is therefore reversed and remanded for further proceedings consistent herewith and with the decision in *I & M Electric Co.* v. *Whitley Co. REMC* (1974), 160 Ind. App. 446, 312 N.E.2d 503.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 316 N.E.2d 584.