NAVARRO COUNTY ELECTRIC
COOPERATIVE, INC., Appellant,

v.

Reverend James G. PRINCE, Appellee.

No. 10–82–074–CV.

Court of Appeals of Texas,
Waco.

Sept. 16, 1982.

Beverly Willis, Naman, Howell, Smith &
Lee, P.C., Waco, for appellant.

Joe Michael Russell, Smith, Ralston, Rus-
sell & Wright, Corsicana, for appellee.

OPINION

CHASE, Justice.

This is a venue case in which the Navarro
County Electric Cooperative, Inc. appeals
from an order of the District Court of Free-
stone County, Texas, overruling its plea of
privilege to be sued in the county of its
residence, Navarro County.

The record reflects that the Appellee
lived in a mobile home located adjacent to a
children's home he was constructing in
Freestone County, Texas.

Located above the mobile home was a
high voltage electrical transmission line
carrying some 7200 volts of electricity.
This was not the line which served the
mobile home, since there were other wires
leading from a transformer to the mobile
home.

While adjusting a television antenna beside the mobile home and underneath the high voltage electric transmission line, Appellee received an electric shock from which he received injuries and brought suit against the Appellant in Freestone County, Texas.

Appellant filed a plea of privilege to be sued in the county of its residence, Navarro County, Texas, and Appellee filed a controverting affidavit under Sections 23 and 31 of Article 1995 VATS (1955).

Section 23 provides that suits against a private corporation may be brought (1) in the county in which its principal office is situated or (2) the county in which the cause of action or part thereof arose, or (3) in the county in which the plaintiff resided at the time the cause of action or a part thereof arose, provided that such corporation, has an agency or representative in such county.

(1) is not applicable since the record clearly shows that the principal office of the Appellant is not in Freestone County, Texas. The record is clear that Appellee resides in Freestone County, Texas but there is a rather confused attempt at stipulating the agency or representative question. But, be that as it may, the plaintiff has the burden to prove a cause of action so as to come under either of (2) or (3). This Appellee sought to do by alleging Appellant had violated Article 2.314 of the Texas Business and Commerce Code in connection with Appellee's purchase of electricity from Appellant for use in his mobile home.

■ Article 2.314 of the Texas Business and Commerce Code provides:

"(a) Unless excluded or modified (Section 2.316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. . . .

"(b) Goods to be merchantable must be at least such as

(1) pass without objection in the trade under the contract description; and

(2) in the case of fungible goods, are of fair average quality within the description; and

(3) are fit for the ordinary purpose for which such goods are used; and

(4) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(5) are adequately contained, packaged, and labeled as the agreement may require; and

(6) conform to the promises or affirmations of fact made on the container or label if any . . ."

Appellee alleged that by virtue of Section 2.314 of the Business and Commerce Code there arose in connection with the purchase of electricity by Appellee, an implied warranty that the electricity was fit for the purpose for which it was to be used. More specifically that the implied warranty of merchantability extended to the container of the product, the wiring, in that it was unfit for the purpose of transporting electricity from the Appellant to the Appellee's property. Appellee testified that he did not believe he hit the wire and that the electric current jumped from the transmission line to the aerial.

It is Appellant's contention that Section 2.314 is not applicable because there was no transaction or sale involved and that the electricity with which the plaintiff allegedly came in contact was not being sold to the Appellee but was being transmitted along its high voltage lines to later be distributed through a transformer to various outlets. In support of this position Appellant cites *Hedges v. Public Service Company of Indiana, Inc.*, 396 N.E.2d 933 (Ct.App. Indiana 1979) in which the Indiana Court held inapplicable a similar section of the UCC where the injury was produced by coming in contact with a 7200 volt power line which was used to transmit high voltage electricity and not used for the purpose of metering the electricity in making a sale thereof.

Section 2.102 of the Business and Commerce Code setting forth the scope of the chapter on sales states "Unless the context otherwise requires, this chapter applies to transactions in goods . . ."

Section 2.105 defines goods:

"(a) 'Goods' means all things (including specifically manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities, . . . and things in action . . ."

The wording of the requirements for merchantable goods as set forth in Section 2.314 would indicate that it was the intention of the Legislature in passing this act to confine its applicability to tangible manufactured or produced products which might normally be found in bulk quantity or in packaged goods. When applying those requirements to electrical energy it certainly could not be classified as fungible goods nor is there any way to adequately package or label electrical energy. Rather than be classified as goods the sale of electric energy would more fittingly be termed the rendition of a service.

In the Deceptive Trade Practices-Consumer Protection Act, Sec. 17.45 of the Texas Business and Commerce Code, the Legislature included both "goods" and "services" as being encompassed by the Act, and specifically defined goods as tangible chattels or real property purchased or leased for use and defined services as work labor or service purchased or leased for use.

Had the Legislature intended to include services within the implied warranty requirements of Section 2.314 it could have done so, as it did in the Deceptive Trade Practices Act, supra, but by specifically limiting it to goods the obvious intent was to omit services from this section.

No Texas authority has been cited and we have found none. However, the following cases from other jurisdictions hold the sale of electricity to be the rendition of a service rather than the sale of goods. *Farina v. Niagara Mohawk Power Corp. and Radio Shack,* 438 N.Y.S.2d 645, 81 A.D.2d 700 (S.Ct. App.Div., N.Y.1981); *Williams v. Detroit Edison Co.,* 63 Mich.App. 559, 234 N.W.2d 702 (Mich., 1975); *Buckeye Union Fire Insurance Co. v. Detroit Edison Co.,* 38 Mich.App., 325, 196 N.W.2d 316 (Ct.App., Mich.1972).

We therefore hold that the transmission of electrical energy along high tension power lines which eventually leads into a transformer is not goods within the meaning of Section 2.314 of the Business and Commerce Code.

Furthermore, we hold that the 7200 volts of electricity being transmitted along Appellant's high tension line was not the subject of a sale of electricity to Appellee. Appellee was purchasing 110 volts being carried to his mobile home by other wires. *Hedges v. Public Service Co. of Indiana, Inc.,* supra; *Helvey v. Wabash County REMC,* 151 Ind.App. 176, 278 N.E.2d 608 (Ct.App. Indiana 1972); *Genaust v. Illinois Power Co.,* 62 Ill.2d 456, 343 N.E.2d 465 (S.Ct.Ill.1979).

Appellee has not proved a cause of action within the meaning of Section 23 of Article 1995 VATS (1955).

Appellant contends that Appellee's failure to prove that Appellant was the manufacturer of the product in question negates venue under Section 31 Article 1995 VATS (1955).

In *Trucker's Equipment, Inc. v. Sandoval,* 569 S.W.2d 518 (Civ.App.—Corpus Christi, 1978, no writ) the Corpus Christi Court of Civil Appeals in enumerating the various requirements for establishing venue under Subdivision 31 listed the second requirement as being "that the defendant is the manufacturer of the product in question."

There is no evidence in this record which establishes that the Appellant is the manufacturer of the product in question. The only evidence concerning the activities of the Appellant is that it is a supplier of electrical energy which it sells through meters to consumers. The electricity could have been manufactured or generated by any number of other concerns.

Appellee has failed to establish venue under Section 31.

The judgment of the trial court overruling the Appellant's plea of privilege is reversed, and judgment is here rendered transferring this cause to Navarro County for trial on its merits.