4

CINCINNATI GAS & ELECTRIC COMPANY
*v.* GOEBEL.

(No. 85CV29912—Decided
February 26, 1986.)

Hamilton County Municipal Court.

*Thomas C. Foster,* for plaintiff.
*John W. Hust,* for defendant.

HOGAN, J. Before the court is defendant William C. Goebel's motion for summary judgment. No evidentiary materials were offered in support of defendant's motion. It is therefore based solely on the pleadings. The pleadings consist of a complaint alleging breach of contract in relation to gas and electricity supplied by the plaintiff, the Cincinnati Gas & Electric Co., to 3930 and 3928 Glenway Avenue, Cincinnati, Ohio, and the answer of defendant setting forth the statute of limitations defense. The amount claimed to be due and owing is $2,553.40 for the first described address and $1,350.52 for the second.

The statute of limitations urged by Goebel to be the appropriate one is R.C. 1302.98, which states in pertinent part as follows:

"(A) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *"

R.C. 1302.02 makes the above statute of limitations applicable only to transactions in "goods," defined at R.C. 1302.01(A)(8) as all things which are movable at the time of identification to the contract for sale and which are existing.

If gas and electricity are goods within the above definition, R.C. 1302.98 is the appropriate statute of limitations and plaintiff's complaint must be dismissed because it failed to commence the action within the four-year period permitted by the statute. The cause of action accrued in December 1980; suit was filed in September 1985.

Plaintiff's complaint alleges the existence of a contract, but does not specify whether or not the contract was written. Thus, should R.C. 1302.98 not be applicable, this court cannot decide whether R.C. 2305.06 is the appropriate statute of limitations or whether R.C. 2305.07 is the proper statute, or any other for that matter, nor does the scope of defendant's motion require such a decision.

In the event the sale involves both goods and services, the test for the inclusion in or the exclusion from the scope of the term "goods" is whether the predominant factor and purpose of the contract is the rendition of service with goods incidentally involved or whether the contract is for the sale of goods with service incidentally involved. *Allied Indus. Serv. Corp.* v. *Kasle Iron & Metals* (1977), 62 Ohio App. 2d 144 [16 O.O. 3d 303]. This we know from Ohio law.

There is no Ohio decision which we could find, nor was any cited to us, which addresses the issue in this case, to wit: whether or not the sale of electricity is predominately "goods" as defined in R.C. 1302.01(A)(8). There is, however, authority from other states that is

helpful, and certainly reference to decisions of reviewing courts in other states as a means of interpreting a uniform body of law is an accepted practice. *Ohio Ins. Guaranty Assn.* v. *Simpson* (1981), 1 Ohio App. 3d 112.

In *Buckeye Union Fire Ins. Co.* v. *Detroit Edison Co.* (1972), 38 Mich. App. 325, 196 N.W.2d 316, a claim was made that implied warranties of fitness and merchantability were breached as a result of defendant's sale of electricity to the building plaintiff insured and which was destroyed by fire. In granting a directed verdict for the power company on the warranty claim, the court felt that electricity was not a good to which a warranty would attach within the dimensions of Article 2 of the UCC. The reviewing court stated at 317:

"* * * [W]e are inclined to agree with the trial court that electricity is not a 'good' as that term is defined by the Uniform Commercial Code * * *."

The Supreme Court of Pennsylvania in *Gardiner* v. *Philadelphia Gas Works* (1964), 413 Pa. 415, 197 A.2d 612, reached a different conclusion. In *Gardiner,* the power company was sued for breach of warranty when customers were injured. The court held the four-year statute of limitations as set forth in UCC 2-725 to be controlling.

In accord with *Gardiner* is *Helvey* v. *Wabash County REMC* (Ind. App. 1972), 278 N.E. 2d 608. In *Helvey,* the defendant utility company furnished electricity of 135 volts to plaintiff's 110-volt household appliances. The power company raised the statute of limitations as a defense and its motion for summary judgment was granted and affirmed on appeal, the reviewing court pointing out that electricity is legally considered to be personal property in that it is subject to ownership, that it can be bartered, sold and stolen. The plaintiff in *Helvey* argued that electricity was not goods because it could not satisfy the movable requirement of the UCC. In response the court said at 610:

"Helvey says it is not movable and in this respect we do not agree, if for no other reason than the monthly reminder from the electric company of how much current has passed through the meter. Logic would indicate that whatever can be measured in order to establish the price to be paid would be indicative of fulfilling both the existing and movable requirements of goods."

In agreement with *Helvey* is *Hedges* v. *Pub. Serv. Co. of Indiana* (Ind. App. 1979), 396 N.E. 2d 933, 27 UCC 945, where the Indiana Court of Appeals held that metered electricity sold in consumer voltage and passed into the household system is a "good" covered by the UCC, while raw electrical energy encountered in an unmarketed and unmarketable state in an overhead transmission cable was not.

*Navarro Cty. Elec. Coop. Inc.* v. *Prince* (Tex. App. 1982), 640 S.W. 2d 398, and *Farina* v. *Niagara Mohawk Power Corp.* (1981), 81 App. Div. 2d 700, 438 N.Y. Supp. 2d 645, 31 UCC 28 both held that the transmission of electrical energy along high tension lines is not goods, but no sale was involved as in the instant case.

We distinguish electricity in its raw state from metered amounts passing through utility-owned conduits and into the homes of consumers. The latter-described form of electricity is "goods" as defined in the Uniform Commercial Code. R.C. 1302.98 is the appropriate statute of limitations. Defendant's motion for summary judgment is granted.

*Motion for summary judgment granted.*